## BODINE v. MOORE et al.

The effect of a redemption by the judgment debtor of land sold under execution is to restore a junior judgment, under which the sale was also had, but which was not reached in the application of the proceeds, to the same lien which it had before the sale.

The same effect results from the conversion of the land into money by sale under a prior mortgage, and the application of the surplus proceeds, during the time allowed the debtor for redemption, to extinguish the claim of the holder of the sheriff's certificate.

A sheriff's sale of real estate was had upon two executions, the senior in favor of the Kingston Bank and the junior of the defendants in this action. The Bank became the purchaser for a sum only sufficient to satisfy its own execution. While the debtor was entitled to redeem, the defendants foreclosed a mortgage made by him of the same land prior to either judgment, and applied a portion of the surplus proceeds of the mortgage sale to paying the bank's claim under the sheriff's certificate: *Held*, that their judgment was entitled to priority of payment out of the remainder of the surplus money over a junior judgment on which there had been no sale.

APPEAL from the Supreme Court. The action was to recover surplus money received by the defendants upon a mortgage sale. The facts are sufficiently stated in the following opinion. The cause was tried before Mr. Justice HARRIS without a jury, and he ordered judgment dismissing the complaint. The judgment having been affirmed upon appeal at general term in the third district, the plaintiff appealed to this court. The case was submitted on printed arguments.

*R. Bernard*, for the appellant.

*John C. Perry*, for the respondent.

COMSTOCK, J. The defendants have in their hands the sum of $687.18, being surplus moneys arising upon a sale of certain real estate of one Schoonmaker, under a mortgage given by him in May, 1851. The sale was under the power

contained in the mortgage and without judicial procced-
ings. It took place November 8th, 1855. The above sum
was the surplus remaining after paying the mortgage
and all judgments against Schoonmaker older than those
recovered by the defendants. The defendants recovered
judgments against him, November 11th, 1854, amounting
to $1,060.63, in virtue of which they claim a right to retain
the said sum of $687.18. They were the purchasers at the
mortgage sale. The plaintiff recovered judgment against
Schoonmaker, January 3d, 1855, for $673.78, and this was
the next lien after the judgments of the defendants. If,
therefore, the right to the surplus is to be determined
according to the order in which the judgments were
recovered, it clearly belongs to the defendants and not to
the plaintiff.

But the plaintiff insists that the defendants have no right
to this money, by reason of the following facts: The
Kingston Bank had judgments against the same debtor
amounting to about $1,100, younger than the mortgage but
older than those of the defendants or of the plaintiff. The
bank issued executions, and the sheriff sold the real estate in
question, on the 30th of June, 1855, being about four
months before the sale under the mortgage. The bank was the
purchaser at the sheriff's sale, for a sum sufficient to satisfy
its judgments, and it received the sheriff's certificate. At
the time of the sale, the sheriff also held executions on the
judgments of the defendants, but not on the judgment of the
plaintiff. The defendants received no benefit from the sheriff's
sale, because the sum bid was not large enough to leave any
surplus applicable to their judgments. The sheriff's certi-
ficate, however, stated that the sale was on their executions
as well as those in favor of the bank of Kingston; and on
the ground that the sale was so made, it is claimed that the
lien of their judgments was extinguished, so that they cannot
claim the surplus subsequently arising out of the land under
the mortgage sale   The amount bid at the mortgage sale

Bodine v. Moore.

was applied, first, to pay the mortgage; second, to pay the judgments of the Kingston Bank, amounting to the sum which the bank had bid at the sheriff's sale; and third, to pay two or three other judgments recovered at dates between those of the bank and those of the defendants, leaving the surplus aforesaid, the only claimants of which are the plaintiff and the defendants.

Inasmuch as no moneys were raised at the sheriff's sale applicable to the judgments in favor of the defendants, of course those judgments were not satisfied or in any manner extinguished by that proceeding. It may, however, be true that their lien upon the real estate sold was extinguished for the time being, on the ground that their executions were in the sheriff's hands, and the sale was professedly made under them as well as the one of the Kingston Bank. That question need not be examined, provided the effect of the subsequent sale under the mortgage, and of the application of a portion of the moneys arising therefrom to the payment of the claim of the bank, was to restore the defendants to the same situation they would be in if the sheriff's sale had not been made at all on their executions. I think such was the effect of the foreclosure and of the disposition of the proceeds thereof.

The Kingston Bank, by its purchase at the sheriff's sale, instead of its general lien by judgment, acquired a specific lien evidenced by the sheriff's certificate; and it acquired no more. If at the expiration of fifteen months the sale had been consummated by the usual conveyance, the lien, not only of the bank judgments but of all junior judgments, would have been forever gone. But the sheriff's sale of itself, without reference to lapse of time and subsequent events, did not extinguish the lien of junior judgments on which the sale did not take place, nor did it divest the debtor's title. For twelve months, at least, junior judgment creditors, not parties to the first sale, could sell the same land, and a perfect title would pass under such sale at the

expiration of fifteen months, .provided the first sale was redeemed from, or in any manner extinguished or vacated during the twelve months from the time it took place. (2 *R. S.*, 370, §§ 45, 46, 49, 51, 61; 1 *Cow.*, 501; *id.*, 444; 2 *id.*, 518; 7 *id.*, 540; 20 *Johns.*, 3; 15 *Wend.*, 248; 4 *Barb.*, 159.) During that period the purchaser has no claim or right, except to be repaid the amount of his bid with the rate of interest prescribed in the statute, and he is bound to accept the money when offered by any one having the right to redeem. Such redemption being made within the twelve months, the sale and the sheriff's certificate are, by the express term of the statute (§ 49, *supra*), null and void.

In this case, at the time of the sale under the mortgage, the Kingston Bank held the certificate of the sheriff's sale, which had then been running only about four months. The bank, therefore, could not resist a redemption by any one entitled to redeem.

If, the day after the mortgage sale, the judgment debtor, Schoonmaker, had tendered the money with ten per cent interest, the bank would have been bound to accept it, and such a tender would have destroyed all pretence of right on the part of the bank to the surplus moneys or any part of them. The sheriff's sale and certificate, in the language of the statute, would be "null and void." In such a case, too, it is quite clear that the junior judgment creditors would have been entitled to all the surplus. The defendants would be entitled to share according to their priority, because although the sheriff's sale had been made also on their judgments, that sale would be, in judgment of law, vacated and annulled by the debtor's redemption.

But the debtor did not, in person or by any affirmative act, redeem from the sheriff's sale. His land was, however, converted into money by the sale under the prior mortgage, and a portion of that money, sufficient for the purpose, was actually paid over in satisfaction of the claim which the

bank had under the certificate. The bank accepted the money, and it does not now assert any further rights. This was in effect a redemption from the sheriff's sale. It was effected with moneys raised out of the estate of the judgment debtor, which the bank would have been bound to accept, if tendered by the debtor himself. The bank had no right to receive any part of the money so received, except as the holder of the sheriff's certificate. That certificate was no more than a specific lien, entitling the holder to the amount of the bid and ten per cent interest, which being paid and satisfied, the certificate became extinct. A redemption by the debtor renders a sheriff's sale null and void, as though it had never taken place. The very judgment on which the sale was had becomes again a lien, if it was not fully satisfied by the bid, and the land may be again sold. A redemption out of the debtor's funds, and effectuated by act of the law, should have the same effect. If the purchaser at the sheriff's sale actually receives the amount of his bid and the ten per cent, during the twelve months, it is a redemption from the sale, although made by a person not entitled to redeem. (*Phyfe* v. *Riley*, 15 *Wend.*, 248.) In this case, it was virtually made by the debtor, because the party claiming under the sale asserted his right to receive, and actually did receive, out of the debtor's funds the entire sum to which he was entitled. No distinct and affirmative act of the debtor was required. If the requisite amount of the surplus had been paid into the debtor's own hands, and he had paid it over to the bank, it would have been a perfect and exact redemption from the sheriff's sale, within the statute. But before it got into the debtor's hands the bank came forward, claimed and received it. The same legal result followed. The redemption took place in substance and effect. The sheriff's sale was thereby, in judgment of law, vacated, and the defendants and other judgment creditors were entitled to the remaining surplus moneys in the order of their respective liens. This conclusion is deci-

sive in favor of the defendants. They have the money in question in their hands, and they are entitled to it, because theirs is the oldest of the unsatisfied judgments. In the court below, the decision in their favor appears to have been placed on the ground that the Bank of Kingston, as holder of the sheriff's certificate, was entitled to the whole surplus as against all junior judgment creditors, and even against the debtor himself, without regard to the amount of such surplus. This view, we think, was erroneous, because it imputes to a sheriff's certificate of sale the characteristics of an absolute estate or interest in the land, whereas during the twelve months it is a defeasible instrument, amounting to a specific lien merely, for the sum bid at the sale, with ten per cent interest.

The judgment is, however, correct, for the reasons stated, and must be affirmed.

ROOSEVELT, J., also delivered an opinion in favor of affirmance; STRONG, J., dissented; HARRIS, J., took no part in the decision.

All the other judges concurring,

Judgment affirmed.