## HAYS v. THODE.

1. **Liens:** UNRECORDED MORTGAGE. A prior unrecorded mortgage takes precedence of a judgment lien.

2. **Redemption** FROM JUDGMENT. A junior lien holder cannot redeem from a prior judgment under which there has been no sale without paying the full amount due on the judgment.

3. —— FROM SALE. The debtor or a lien holder may redeem from a sale under judgment by paying the amount of the bid with interest and costs.

4. ———· BY DEBTOR. When the debtor or his assignee redeems the land it again becomes subject to sale for the satisfaction of any unpaid portion of the judgment under which the prior sale was made.

5. ——— BY A LIEN HOLDER. But it does not become so liable when the redemption is made by a lien holder.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 19.

In chronological order, the material facts are these: On the 14th day of August, 1860, Elliott owned lot 4 in block "t," Holcomb's addition to Des Moines; and on that day executed a mortgage thereon to Hays, the plaintiff; but this mortgage was not acknowledged till June 17th, 1860, nor recorded till May 6th, 1863. On the 4th of March, 1861, the defendant Thode recovered a judgment against Elliott for $105.53, on which execution was issued and the lot sold by the sheriff to Thode, who had no notice of the Hays mortgage, August 10th, 1862, for $13.89, and Thode received the usual sheriff's certificate. On the 6th day of May, 1863, the day on which Hays recorded his mortgage, he deposited with the clerk $14.95 as redemption money for the lot, and stated under oath (Rev., §§ 3345–3349) the amount still unpaid and owing on his mortgage, after deducting the amount at which he was willing to take the property and credit his claim. Elliott did not redeem the property within the year allowed by law, nor at any time. The mortgage of Hays is admitted to have been due and unpaid. It is likewise admitted that Hays has demanded and Thode refused to make an assignment and surrender of the sheriff's certificate. Thode claims that the *unsatisfied* portion of his judgment is prior to the rights of Hays, either under his mortgage or his alleged redemption, the validity and sufficiency of which are denied. Hays insists upon the validity of his redemption; that he is

entitled to an assignment of the sheriff's certificate, and that the unpaid portion of Thode's judgment is not a prior lien upon the property.

It was *agreed* by the parties that if the court should find the law to be with the plaintiff, it should order the defendant Thode to surrender and assign to him the sheriff's certificate, and in default of compliance, the order itself should authorize the sheriff to execute a deed to Hays.

The District Court found for the plaintiff, and entered an order in his favor conformably to the above agreement. Defendant appeals.

*Williamson & St. John* for the plaintiff.

*Phillips & Phillips* for the defendant.

DILLON, J.— Hays' mortgage was valid between the parties as soon as delivered, though not acknowledged or 1. LIEN: un- recorded. And under the law of the State, as recorded mortgage. established by repeated adjudications, if Thode had never *sold* under his judgment, the prior unrecorded mortgage of the plaintiff would have priority over it. *Seevers* v. *Delashmutt*, 11 Iowa, 174; *Welton* v. *Tizzard et al.*, 15 Id., 495, and the authorities there cited; *Vannice* v. *Greene, Traer & Co.*, 16 Id., 574. But it is not material in this case whether the plaintiff be regarded as having any rights prior to May 6th, 1863, the day when he recorded his mortgage. This certainly gave him a *lien* upon the premises, an express and undisputed right to redeem. Before this time Thode had bought in the property at sheriff's sale, bidding much less than the amount of his judgment. And the dispute is, not that Hays had no right to redeem, but as to the *terms* upon which he may make the redemption.

It is the opinion of the court that he was entitled to redeem from the sheriff's sale by paying the amount bid

for the property at the sale, with ten per cent interest and costs.

The plaintiff is not the assignee of Elliott's right to redeem, nor the holder of the equity of redemption. This is obvious, because Elliott, before the year had elapsed, could have redeemed from Thode or from the plaintiff. Hays redeems as a mortgagee — as a lien holder — in the same way as a junior judgment creditor redeems from a senior. There is a difference between redeeming from a judgment and redeeming from a sale under a judgment. This distinction is founded in principle, and is not ignored *2. REDEMP-* by the statute. A junior lien holder cannot *TION from judgment.* redeem from a prior judgment under which there has been no sale, without paying the full amount thereof. If there has been a sale thereunder, either the debtor or *3. —— from* any lien creditor may redeem from the *sale* by *sale.* paying the amount bid, with the requisite interest and costs.

But if the debtor himself, or his assignee redeems, the land again becomes subject to be sold for any unpaid por- *4. —— by* tion of the judgment under which the prior sale *the debtor.* was made; the redemption in such a case is from the *sale,* and the unsatisfied residue of the judgment, as against the debtor, and one who stands in his shoes, is still *5. —— by a* a lien. Not so, however, where the redemption *lien-holder.* is made by a lien creditor. The wise policy of the law is to make the land bring as much for the debtor as possible. When the creditor bids at the sale under his judgment, this is a statement to the world, that the amount bid is all that he is willing to give for the property. The law, therefore, justly provides that any other creditor having a lien upon the property may redeem from the sale; the terms being that he must credit the defendant with the full amount of his lien, unless he designates a less amount. Any junior lien creditor may redeem, and last, the debtor

himself may redeem from them all. It would be entirely subversive of the policy to give to the law which we admit is not very clear in some of its provisions, the defendant's construction. The construction, instead of encouraging the creditors to bid and others to redeem, and thus benefiting the debtor by making his property bring the utmost possible amount, has a directly opposite tendency. The creditor may safely bid the lowest amount he can get the property for, if a redemptioner must pay him not simply the amount bid, but his whole debt. The provision allowing redemption in parcels, and, indeed, the whole tenor of the statute is against this view.

In support of the foundation principle upon which our decision rests, viz: that the judgment lien of Thode was exhausted by the sale as against a redemptioner, and all other parties except the judgment defendant, and the assignee specifically of his right to redeem, or of his equity of redemption in the land, we refer to *Wood* v. *Colvin*, 5 Hill (N. Y.), 228; *Titus* v. *Lewis*, 3 Barb., 72; *Hewson* v. *Deygert*, 8 Johns., 333; *Van Rensselaer* v. *Sheriff, &c.*, 1 Cow., 443, 501, 510; *Stoddard* v. *Forbes et al.*, 13 Iowa, 296; *Curtis* v. *Millard & Co.*, 14 Id., 128, 131, and cases cited; *Crosby* v. *Elkader Lodge*, 16 Id., 399.

The order of the District Court was in accordance with the agreement of the parties, in case the law was with the plaintiff, and as the decision of that court was correct, the judgment is affirmed.