## HAASE v. MITCHELL.

REPLEVIN.—*Contract.*—*Fraud.*—*Rescission.*—*Tender.*—Where a contract, under which chattels have been exchanged, proves to have been fraudulent, as against one of the parties thereto, he can not replevy the chattel parted with, either from the opposite party or a subsequent purchaser, without first rescinding the contract, by tendering back to the other party whatever thing of value he received from him in such exchange.

SAME.—Where, in such case, the things received by the plaintiff are a sum of money and a forged promissory note, it is not necessary to tender back the latter.

From the Morgan Circuit Court.

*G. W. Grubbs* and *M. H. Parks*, for appellant.

*J. V. Mitchell* and *J. H. Jordan*, for appellee.

BIDDLE, C. J.—Replevin by appellant against appellee, for a horse. The court tried the case without a jury, and, at the request of appellant, made a special finding, which is as follows:

"1. That one Gibbons, as the agent of Hall, purchased two horses of plaintiff, for which said Gibbons, as such agent, paid plaintiff twenty dollars in money, and a certain promissory note for two hundred and ten dollars, purporting to be executed by Stafford & Brown, payable to said Hall.

"2. That Gibbons was a stranger to plaintiff, and plaintiff was well acquainted with defendant; that defendant was present while Gibbons and plaintiff were negotiating for horses, and made representations as to Hall's solvency, and proposed to buy the horses at one hundred and thirty-two dollars, if Gibbons got them.

"3. That the defendant, the next day, purchased said horses from Gibbons for one hundred and thirty-two dollars, which he paid Gibbons.

"4. That the horse in controversy is one of those.

"5. That, about ten days afterwards, plaintiff discovered that the note on Stafford & Brown was not genuine;

whereupon he immediately demanded the horse in controversy of defendant, who refused to deliver up the same. Plaintiff then brought this action, and replevied the same, and brought another action, against Hall, for the value of the other horse, which could not be found.

" 6. That the note on Stafford & Brown was a forgery, and invalid.

" 7. That the defendant, at the time he bought the horse, knew nothing of how the note was obtained from Stafford & Brown.

" 8. That the plaintiff delivered the horses to Gibbon at the time of the contract, and under the contract.

" 9. That there was no offer by plaintiff to pay back the twenty dollars, and rescind the contract, or in any manner cancel the same.

" 10. That Hall was a non-resident—Gibbons' residence unknown.

" As a conclusion of law, upon the foregoing facts, the court finds, that the plaintiff was not the owner, and did not have the right to the possession of the horse, at the commencement of this action."

Exceptions were properly reserved to the conclusion of law upon the facts. Judgment for appellee.

Appeal.

There is no error in this judgment. The appellant could not maintain replevin against Hall or Gibbons, without first rescinding the contract; and he could not rescind the contract without restoring the twenty dollars. Whether he could have rescinded the contract at all or not, after the purchase of the horse by the appellee, we need not, and therefore do not, decide. In the case of *Bell* v. *Cafferty*, 21 Ind. 411, Stewart, who professed to be the agent of an insurance company, purchased a horse of Cafferty, and paid him in forged promissory notes. Cafferty delivered the horse to Stewart, under the contract. Stewart, on the next day, sold and delivered the horse to Bell, who was ignorant of the fraud. Cafferty demanded

the horse of Bell, who refused to deliver him up, and then brought his suit in replevin to recover the horse. It was held that the action would not lie. In that case there was no necessity of a rescission, because Cafferty having received nothing but the forged notes, and they having no value, there was nothing to restore. It therefore fully supports the ruling in the case before us.

The judgment is affirmed, with costs.