Clayton v. Ellis.

CLAYTON ET AL. V. ELLIS ET AL.

1. **Judicial Sale; REDEMPTION.** The holder of an unsatisfied balance of a judgment cannot redeem from an execution sale made under the same judgment.

2. ———: ———: LIEN. Real estate which has been sold in part satisfaction of a judgment and redeemed by the judgment debtor does not become again subject in his hands to the lien of the judgment. Overruling *Crosby v. Elkader Lodge*, 16 Iowa, 399.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, APRIL 23.

ACTION in equity to compel the defendant Ellis, as sheriff of Dallas county, to execute to the plaintiffs a deed of certain land in that county. The land was sold under execution, in pursuance of a decree of foreclosure of a mortgage, and was purchased at the execution sale by the execution creditor, who has since died intestate, leaving the plaintiffs as his heirs. The time of redemption has expired, but the sheriff refuses to execute a deed. The petition shows that he refuses because of the alleged rights of one Ellen Watson, who is made defendant with him. It further shows that the property was purchased at the execution sale by the plaintiffs' ancestor for only a part of the amount of the judgment; that Ellen Watson is the owner of the part unsatisfied; that, within the time allowed for redemption, she paid to the clerk of the court the amount bid, with interest and costs, and claims that a

redemption was thereby effected by her. These facts having been set out in the petition the defendant Ellen Watson demurred to it on the ground that it showed that she had effected a redemption, and that the plaintiffs were not entitled to a sheriff's deed. The court overruled the demurrer. Defendants appeal.

*Barcroft, Given & Drabelle* and *North & Woodin*, for appellants.

*White & Varner* and *Phillips, Goode & Phillips*, for appellees.

ADAMS, J.—The question presented is as to whether the holder of an unsatisfied balance of a judgment can redeem

1. JUDICIAL sale: redemption.

from an execution sale made under the same judgment. The appellants insist that he can. Section 3103 of the Code provides that any creditor of the defendant whose demand is a lien upon the real estate may redeem the same at any time within nine months from the day of sale. The defendant Ellen Watson is certainly a creditor of the defendant in execution, and the only question is as to whether her demand is a lien upon the real estate. If so she is entitled to redeem, otherwise not. In *Tuttle v. Dewey*, 44 Iowa, 306, where real property had been sold on execution and bought in by the judgment creditor for a part of the judgment, it was held that a junior incumbrancer could, within the time allowed by statute, redeem from the sale by paying the amount of the bid, and that it was not necessary for him to redeem from the judgment under which the sale was made. This seemed to be in accordance with section 3106 of the Code, which provides that the terms of redemption shall be the reimbursement of the amount paid by the then holder, added to the amount of the redemptioner's own lien. The amount paid by the holder in that case was the amount for which the property was sold. No doubt could

have arisen in relation to the junior incumbrancer's right to redeem by paying that amount, except for the claim that was made that the unsatisfied portion of the judgment remained a lien upon the land paramount to that of the incumbrancer seeking to redeem. But it was held that the lien was divested by the sale. The same rule was held in *Russell v. Allen*, 10 Paige, 249. It follows that an execution creditor cannot redeem from his own sale. For the same reason an assignee of the creditor could not redeem from the sale. We are satisfied not only that such is the law, but that to allow the execution creditor to redeem would often give him an unfair advantage, and work a great detriment to the debtor.

In the first place it may be observed that the execution creditor does not need the right to redeem from his own sale. He is always in the condition to bid the fair value of the property, if it does not exceed the amount of his claim. If he bids less than the value and less than his claim, it is in view of the contingency of its not being redeemed, and the advantage resulting therefrom. To the other incumbrancers and to the execution debtor a right of redemption is given because they need it for their just protection. The sale may be made without their knowledge. If made with their knowledge it is not made with reference to their convenience. To allow them the right to redeem, while of great importance for their protection, cannot be presumed to work an injury to any one. If, however, the execution creditor is allowed such right, it might easily result in the sacrifice of the debtor's property. The execution creditor could never be expected to bid more than a nominal sum, in the absence of competition. We do not deny that an advantage might sometimes result to the debtor if the execution creditor were allowed to redeem. It might be so in this case, but it is plain to see that it would ordinarily be otherwise. The rule adopted tends to secure a sale of the property at its fair value, and that constitutes the

debtor's best protection. It is the policy of the law to afford him such protection. *Hays v. Thode*, 18 Iowa, 51.

AFFIRMED.

### ON REHEARING.

SEEVERS, J.—A rehearing was granted on the petition of the appellant—not because of the belief that, as an original question, there was error in the foregoing opinion, but because the prior decisions of this court, bearing on the question determined, were seemingly inconsistent with each other. That, logically, there is a conflict in such decisions must, we think, be regarded as true. It was held in *Crosby v. Elkader Lodge*, 16 Iowa, 399, "that if the debtor or his grantee redeem land which had been sold in part satisfaction of a subsisting judgment, the property at once becomes liable to satisfy the unpaid balance of the execution from the moment of such redemption."

It is obvious this ruling is based on the ground that the unsatisfied balance of the judgment continues to be a lien on the premises after the sale, as against the execution debtor or his assignee. No reasons are stated in support of this holding, but it is bottomed exclusively on *Curtis v. Millard & Co.*, 14 Iowa, 128. In that case the facts were that Gregory, Tilton & Co. recovered a judgment against Downing & Foster, by virtue of which they became the purchasers, at sheriff's sale, in February, 1860, of certain real estate. Afterward, in July, 1860, Millard & Co. recovered a judgment against Downing & Foster, who sold to the plaintiff their right of redemption from the sale to Gregory, Tilton & Co. It was held that the judgment of Millard & Co. was a lien from the date of its rendition on such right of redemption. It will be observed this case has no bearing on the point determined in *Crosby v. Elkader Lodge*, the only question determined being that a judgment constitutes a lien on an equitable title to real estate, and, therefore, the judgment of Millard & Co. was a lien on the equity or right to redeem.

VOL. L—38

In *Hays v. Thode*, 18 Iowa, 51, the facts were that Thode obtained a judgment against Elliott, and thereunder became the purchaser at sheriff's sale of certain real estate, the amount of his bid being much less than his judgment. Hays, being a subsequent creditor of Elliott, and entitled to redeem, sought to do so by paying to the clerk the amount of Thode's bid, interest and costs. The latter insisted that Hays could not redeem without paying the amount of the balance due on the judgment under which the land had been sold, but it was ruled otherwise. It is evident this ruling was based on the thought that, as to a junior creditor, the lien of the judgment as to the unsatisfied balance was divested by the sale. This decision is supported by *Dewey v. Tuttle*, 44 Iowa, 306.

The foregoing cases irresistibly lead us to conclude that a distinction has been recognized between the debtor, his assignee and a creditor, and that the terms under which either of the former may redeem are materially different and more burdensome than those applicable to the latter. That such a distinction existed seems to have been recognized by DILLON, J., in *Hays v. Thode*; but as no such point was before the court in that case, what was said relating thereto must be regarded as *dictum*.

It is important, therefore, to determine whether, under the statute, any such distinction can be sustained. It provides that "the terms of redemption in *all* cases will be the reimbursement of the amount paid by the then holder, added to the amount of his own lien." Code, § 3106. The lien referred to must be that of the holder, otherwise the redemptioner must pay the amount of his own lien to the holder before he could redeem. This would be absurd.

If, then, the balance of the judgment is a lien on the premises after the sale, Hays, in the case above cited, could not have redeemed without paying the amount of such lien in addition to the amount of the bid, interest and costs. *Goode v. Cummings*, 25 Iowa, 67.

The statute applies to all cases, and expressly excludes the thought that the terms of redemption which may be lawfully imposed on the debtor or his assignee are in any respect different from or more burdensome than those of the creditor who may be entitled to redeem.

To say the least, it is logically difficult to reconcile *Crosby v. Elkader Lodge* with *Hays v. Thode* and *Tuttle v. Dewey*. Such being true, we are at liberty to adopt such rule as is deemed to be the proper one under the statute, and we are of the opinion that the better rule is that the lien of the judgment as to the unsatisfied balance on the real estate sold is, as to all persons and in all cases, divested by the sale. This simplifies the law on this subject and uniformity is thereby attained, which is certainly desirable. This view is supported by the statute, which provides that "when the property has been sold in parcels any distinct portion may be redeemed by itself." Code, § 3121. If there remains a balance due on the judgment after the sale which constitutes a lien on the land sold, it is difficult to see how the debtor or his assignee could avail himself of the benefit of this statute except by paying the whole of such balance before he could redeem the most insignificant parcel, for the statute makes no provision as to the apportionment of such balance on the several parcels.

If redemption of the whole or any parcel is made by the debtor, the judgment, to the extent of the balance due thereon, would constitute a lien on the premises in his hands, and they might again be sold on execution based on said judgment. But we see no reason why the debtor may not sell his right of redemption, and his vendee redeem by paying the amount of the bid, interest and costs.

It should be conclusively presumed, for the purpose of redemption, that the purchaser bid therefor all that the property was worth to him. Whether, in case the judgment creditor is the purchaser and the judgment is not fully satis-

fied by the sale, he could issue another execution and sell the debtor's right of redemption, we do not determine.

The result is that the conclusion reached in the foregoing opinion is ·

ADHERED TO.