CHARLES M. STANDISH *vs.* OLE F. VOSBERG.

September 13, 1880.

**Foreclosure Sale for Instalment.**—Decision in *Fowler* v. *Johnson*, 26 Minn. 338, that one foreclosure sale under a mortgage, though only for an instalment of the mortgage debt, exhausts the mortgage lien on the real estate sold, adhered to.

**Same — Effect of Redemption by Mortgagor.**—A foreclosure sale, however, which, before it becomes complete by expiration of the time allowed for redemption, is annulled by the owner of the real estate redeeming, does not affect the lien of the mortgage for the other instalments of the mortgage debt.

Appeal by plaintiff from an order of the district court for Goodhue county, *Crosby* J., presiding, sustaining a demurrer to the complaint.

*F. W. Hoyt,* for appellant.

*James W. Bass,* for respondent.

GILFILLAN, C. J. In this case the mortgagee, the plaintiff, had proceeded to foreclose under the power, to collect an instalment of interest due, by sale of the real estate mortgaged. Before the time to redeem from such sale expired, the mortgagor redeemed. This action was subsequently brought to foreclose the mortgage against the same property for the remainder of the debt. The complaint set forth what had been done in respect to foreclosing for the instalment. On demurrer to the complaint it was claimed that the lien of the mortgage was wholly exhausted by those proceedings. The court below, perhaps misled by the language of this court in *Fowler* v. *Johnson,* 26 Minn. 338, held this to be the case and sustained the demurrer. We allowed a reargument of that question in this case, and also in *Fowler* v. *Johnson.* We see no reason to doubt the correctness of that decision. In that case we decided that a foreclosure sale, even for an instalment, exhausted the lien of the mortgage on the tract sold; that there can be but one sale of the same tract under the mortgage, though it be payable in instalments. We did not

intend, however, to give that effect to an invalid sale, nor to one which has been made void, nor to an incomplete sale.

It has always been held by this court that, under the statute, a foreclosure is not complete, so as to operate as a sale, until the time allowed by statute for redemption has expired; that till then the title does not pass. *Daniels* v. *Smith,* 4 Minn. 117 (172;) *Donnelly* v. *Simonton,* 7 Minn. 110 (167;) *Horton* v. *Maffitt,* 14 Minn. 289.

The statute has always been that a redemption by the owner, his heirs or assigns, "annuls the sale." In *Daniels* v. *Smith,* a mortgage on one tract, payable in three instalments, was foreclosed under the power for the first instalment, and the owner redeemed. The second instalment was satisfied without recourse to the mortgage, and the mortgagee afterwards foreclosed under the power for the third instalment. It was claimed that the first foreclosure proceedings exhausted the lien. The court held that they did not, and said: "The effect of this redemption by Daniels (the owner) was simply to render null and void the sale and the certificate thereof made by the sheriff, and to cancel the mortgage and its lien upon the land for the first instalment. The effect is exactly what it would have been had Daniels paid the first note when it fell due, without any foreclosure and sale."

*Warren* v. *Fish,* 7 Minn. 432, was the case of an execution sale and redemption by the owner. The statute as to the effect of redemption by the owner from execution sale, is the same as in regard to such redemption from mortgage sale— it "annuls the sale." Of redemption by the owner, the court said: "It terminated the sale, and restored him to his estate exactly as it was before the sale took place, except that the judgment upon which the sale was made was satisfied. All other liens, prior and subsequent, remained unimpaired."

In *Rutherford* v. *Newman,* 8 Minn. 28, (47,) also a case of execution sale and redemption by the owner, the court repeated what it had said in *Warren* v. *Fish,* and added: "In other words, a redemption by the judgment debtor, or his

successor in interest, destroys the effect of the sale as such, and applies the money realized thereby as a payment upon the judgment, or other lien, upon which the property was sold." A foreclosure sale, which is annulled by redemption, never becomes complete; is not, after being so annulled, a sale, and can have no force or effect as a sale. It does not affect the lien of the mortgage for other instalments of the mortgage debt.

Order reversed.