## SETTLEMIRE *v.* NEWSOME.

REDEMPTION BY GRANTEE OF JUDGMENT DEBTOR.——Lands sold on execution for an amount less than the judgment debt, and redeemed by the grantee of the judgment debtor, may be a second time sold for the balance due on the judgment.

APPEAL from Marion County.

By the Court, WALDO, J.:

The question in this case is, whether lands sold on execution for an amount less than the judgment debt, and redeemed by the grantee of the judgment debtor, may be a second time sold for the balance due on the judgment. The statute gives the grantee of the judgment debtor the right to redeem, but is silent as to the effect of the redemption.

The lien is a quality in the judgment, inseparably connected with it, which determines the extent of the right to take the land in execution under the judgment as against adverse claims. The lien binds the title of the judgment debtor, and, until there has been a legal transmutation of that title, the lien should, apparently, continue. There is no sale in a legal sense until the title has passed. (*Macy* v. *Raymond*, 9 Pick., 286.)

The execution comes as a power to seize the debtor's title and pass it to the purchaser. The lien binds the title—the ownership in the land—and having attached to the title, prevents its transfer by the debtor so as to affect the lien.

It is not sufficient, to divest the lien, that the power should be partly executed by an inchoate sale. The sale is but one of the steps in the exercise of the power. The power must be fully executed, to make that change in the status of the property necessary to divest the lien. This is done by the seizure on execution and transfer of the seizin by a legal sale. (*Tropnall* v. *Richardson*, 8 Eng., 543; *Ladd* v. *Blunt*, 4 Mass., 403; *Green* v. *Burke*, 23 Wen., 490.)

The purchaser at the sale holds a defeasible equitable right to a conveyance of the legal title. The lien is a legal right relative to the legal title, and the purchaser's equity can only affect it as it affects that title. But the lien is suspended, because the title bound by the lien is in the grasp of the law; free the title from that grasp and the lien binds as before. Now when the grantee of the judgment debtor redeems, the process of transfer is arrested. The equitable title of the purchaser falls into the legal title in the hands of such grantee and is instantly merged. No uotice can now be taken of that title. It is as if it had never existed.

It follows that the respondent was entitled to judgment as held by the court below. Among authorities consulted, see *Wood* v. *Colvin*, 5 Hill, 228; *Titus* v. *Lewis*, 3 Barb., 70; *Catlin* v. *Jackson*, 8 John., 520; *Rutherford* v. *Newman*, 8 Minn., 47; *The State* v. *Sherrill*, 34 Ind., 57; *Allen* v. *McGaughy*, 31 Ark., 260; *Davis* v. *Ehrman*, 20 Post., 259; *Bagley* v. *Ward*, 37 Cal., 132; Opinions of Graves, C. J., and of Campbell, J., in *Butler* v. *Whiting*, 29 Mich., 135; *Eldridge* v. *Wright*, 55 Cal., 531; *Webb* v. *Russell*, 33 R., 393.)

Judgment affirmed.