CAMPBELL V. MAGINNIS, EX'X, ET AL.

1. **Homestead**: PURCHASE-MONEY MORTGAGE: FORECLOSURE: SALE FOR PART OF JUDGMENT: REDEMPTION. The owner of a homestead mortgaged for the purchase-money cannot, by redeeming from a foreclosure sale for a part of the judgment only, hold the land free from the lien of the unsatisfied part. (See opinion for cases followed and distinguished.)

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, MARCH 2.

ACTION in chancery to restrain the sale of certain land upon execution. A demurrer to the petition was sustained, and, plaintiff refusing to plead further, a decree was entered dismissing his petition. He now appeals to this court.

*Blythe & Markley* and *McConlogue & Miller*, for appellant.

*Richard Wilber*, for appellee.

BECK, J.—I. The petition alleges that plaintiff purchased the land involved in this suit, executed a mortgage to secure the payment of the purchase money, and entered upon its possession and occupancy as a homestead. The mortgage was foreclosed, and the land was sold under the decree of foreclosure, partly satisfying it. Plaintiff redeemed from the sale. A general execution, issued upon the decree, was levied upon land. The sale thereon plaintiff seeks to enjoin in this action. The demurrer, we think, was rightly sustained

II. The debt in this case being for the purchase money, the homestead was not exempt therefrom. *Barnes v. Gay,* 7 Iowa, 26; *Christy v. Dyer,* 14 Id., 438; *Cole v. Gill,* Id., 527; *Burnap v. Cook,* 16 Id., 149; *Bills v. Mason,* 42 Id., 329. As the homestead character of the land in question

does not exempt it from the judgment for the purchase money, it is obvious that the judgment continues to be a lien thereon until it is satisfied, and, as long as the land remains the property of the plaintiff, a satisfaction of a part of the judgment does not affect the lien so far as the amount remaining unpaid is concerned, and the redemption of the land from the sale still leaves it plaintiff's property. It is plain, therefore, that the land is subject to the judgment, and may be lawfully sold again upon a general execution issued thereon.

III. *Poweshiek Co. v. Dennison*, 36 Iowa, 244; *Clayton v. Ellis*, 50 Id., 590; *Escher v. Simmons*, 54 Id., 269; *Blake v. Black*, 55 Id., 252; *Todd v. Davey*, 60 Id., 532 and *Harms v. Palmer*, 61 Id., 483,—cited by plaintiff's counsel, do not sustain his position that the owner of the land and the mortgagor may, by redeeming from a sale upon the foreclosure decree which left a part of the decree unsatisfied, hold the land free from the lien of such unsatisfied part. The facts of these cases distinguished them from this. The purchasers or redemptioners in the cases referred to, who were held to have acquired the lands free from the liens of the parts of judgments or mortgages remaining unsatisfied after the sales thereon, were the creditors or others, not defendants in the judgment. In this case the debtor is the redemptioner. It is very plain that he does not by his redemption acquire the same rights which would be held by a creditor, or by a purchaser who is a stranger to the judgment, or is a mortgagee, should he redeem from a sale thereunder.

We reach the conclusion that the circuit court rightly sustained the demurrer to plaintiff's petition.

AFFIRMED.