## HARMS v. PALMER.

1. **Mortgage**: FORECLOSURE SALE FOR PART OF DEBT: REDEMPTION BY MORTGAGOR'S GRANTEE: EFFECT. Where a mortgage securing several notes is foreclosed for those first falling due, and the property sold thereon, the grantee of the mortgagor may redeem the same, and in his hands it will be divested of the lien of the unsatisfied portion of the mortgage debt. (See cases cited in opinion.)

*Appeal from Hardin District Court*—HON. JOHN L. STEVENS, Judge.

THURSDAY, DECEMBER 15.

ACTION in equity to set aside an execution sale of forty acres of land. There was a decree for the plaintiff. The defendant appeals.

*Nagle & Birdsall*, for appellant.

*Williams & Baker*, for appellee.

ADAMS, CH. J.—The execution in this case was issued upon a judgment rendered in favor of the defendant, Palmer, against one Harm S. Harms. The property levied upon, however, belonged to the plaintiff, Wobkelina Harms. So far there is no controversy. The controversy arises out of the fact that, at the time the defendant's judgment was rendered, the property belonged to the judgment debtor. The plaintiff acquired title by purchase and conveyance from him, after the rendition of the judgment. The defendant contends that the lien of the judgment was in force upon the property after it passed into the plaintiff's hands. The plaintiff contends that it had been divested by reason of an execution sale.

The fact is that this property had been mortgaged to secure certain promissory notes. On a part of the notes one Morton obtained judgment and a decree of foreclosure. On others of the notes, which by their terms matured later, the defend-

ant obtained judgment and a decree of foreclosure.   Morton
sold under his decree, and bid in the property for the amount
of his judgment; and the plaintiff, as grantee of the judg-
ment debtor, redeemed from Morton.   In our opinion, the
property became divested of the defendant's lien.   The ques-
tion presented has been substantially ruled upon several
times.   The purchaser of property from a judgment debtor,
which has been sold upon execution, has the same right of
redemption which the judgment debtor had.   He may redeem
by paying the amount for which the property was sold, with
interest.   The result of his redemption, however, is not the
same as if the judgment debtor had made no sale and con-
veyance, and had made redemption himself.   In such a case,
of course, all the judgments against him, which would be
liens upon the property if it had not been sold upon execu-
tion, would be liens after redemption.   He would sustain the
same relation to the land that he would to any other land
which he might own in the same county.   If Harm S.
Harms had not sold and conveyed the land in controversy,
but had himself redeemed, the defendant's judgment would
have been a lien upon the property, and could have been
enforced against it.   The case is different in respect to the
plaintiff, a grantee of the judgment debtor.   The defendant's
judgment was for a part of the same mortgage debt upon
which Morton's judgment was rendered.   The sale under
Morton's judgment exhausted the property so far as that
mortgage debt was concerned.   It had been sold for all that
Morton or the defendant was willing to give for it.   It was
probably sold for too little.   We must assume, indeed, that
the right of redemption was valuable, because it was sold,
and the purchaser effected redemption.   If it was impractic-
able for the judgment debtor to avail himself of the right
on account of the balance of the mortgage debt due by judg-
ment against him; his only resource was to sell his right of
redemption for what he could get.   The defendant has no
reason to complain that he is not allowed to follow the land.

He should have bid at the execution sale until the property brought its full value, and claimed a lien upon the balance of the proceeds after the payment of Morton.  This court has persistently refused, as will be seen by the later decisions respecting judgment creditors' rights after execution sale, to lend itself to any scheme designed to sacrifice the judgment debtor's property.  The rule contended for would have that result.  (*Clayton v. Ellis*, 50 Iowa, 590; *Escher v. Simmons*, 54 Id., 269; *Harms v. Palmer*, 61 Id., 483; *Hardin v. White*, 63 Id., 633.)

In our opinion, the defendant was not entitled to subject the land to his judgment.                                    AFFIRMED.