FLANDERS *v.* AUMACK.

[51 Pac. 447.]

</div>

REDEMPTION BY GRANTEE OF JUDGMENT DEBTOR*—REINSTATEMENT OF LIEN.—The redemption of real property from an execution sale by a grantee of the judgment debtor, where the property was bid in for less than the judgment, reinstates the lien for the unpaid balance and a re-sale of the property may be had to satisfy the same when the transfer was not made until after the judgment lien had attached: *Settlemire* v. *Newsome,* 10 Or. 446, approved and followed; *Willis* v. *Miller,* 23 Or. 352, distinguished.

From Multnomah: LOYAL B. STEARNS, Judge.

Suit by J. Couch Flanders against Lyle N. Aumack, as administrator of the estate of E. S. Rash, deceased, and the sheriff, to restrain an execution sale of certain lots. It appears that on September 24, 1894, W. G. Jenne and wife were the owners of three certain tracts of real property situate in Multnomah County, Oregon; and upon that day E. S. Rash recovered judgment against them in the circuit court for said county, which was on the same day duly docketed. On November 26, 1894, Rash bid in the property at execution sale for less than the amount due on the judgment. Afterward, on April 22, 1895, Jenne and wife conveyed said property to plaintiff, who subsequently redeemed it from

NOTE.—For a thorough discussion of the question who may redeem from an execution or from a foreclosure sale see monographic note to *Horn* v. *Indianapolis National Bank,* 21 Am. St. Rep. 243.—REPORTER.

the sale. Later, an alias execution was issued upon said judgment for the balance due thereon, by virtue of which the sheriff levied upon the same property that Flanders had redeemed, and this suit is to enjoin the defendant, who is the administrator of the estate of E. S. Rash, deceased, and the sheriff from proceeding further with the execution. The decree was for plaintiff, and defendants appeal.

REVERSED.

For appellants there was a brief over the name of *Watson, Beekman & Watson,* with an oral argument by *Mr. Edward Byers Watson.*

For respondent there was a brief over the names of *John Couch Flanders,* in pro. per., and *Williams, Wood & Linthicum,* with an oral argument by *Mr. George H. Williams.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

The issues presented by the record involve a question as to the effect to be given the execution sale and redemption therefrom by the successor in interest of the judgment debtors. Plaintiff contends that it extinguished absolutely and effectually the lien of the judgment upon the premises in question, while the defendants insist that the redemption had the effect to reinstate the lien, and subject the property to a second sale for the unpaid balance of the judgment after the application thereto of the amount bid at the first sale. The identical

question has been decided in *Settlemire* v. *Newsome*, 10 Or. 446, adversely to plaintiff's contention, but it is thought that decision was overruled in *Willis* v. *Miller*, 23 Or. 352 (31 Pac. 827); and it is strongly insisted that, if the latter does not suffice for that purpose, it should be now overruled, as unsound in principle and unsupported by the great weight of authority.

The authorities are practically uniform that a redemption by the judgment debtor of his lands sold under execution will reinstate the lien of the judgment for any balance remaining unpaid, and subject the lands to a re-sale to satisfy such balance: *State* v. *Sherill*, 34 Ind. 57; *Allen* v. *McGaughey*, 31 Ark. 253, 260; *Bodine* v. *Moore*, 18 N. Y. 347; *Wood* v. *Colvin*, 5 Hill, 228. Such was and is the doctrine in Iowa, and it was early held that the same result would attend a redemption by his successor in interest. See *Crosby* v. *Elkader Lodge*, 16 Iowa, 399; *Hays* v. *Thode*, 18 Iowa, 51; Rorer on Judicial Sales, §§ 955–959. But in *Clayton* v. *Ellis*, 50 Iowa, 590, a more recent case from that state, SEEVERS, J., says: "If redemption of the whole or any parcel is made by the debtor, the judgment, to the extent of the balance due thereon, would constitute a lien on the premises in his hands,. and they might again be sold on execution based on said judgment. But we see no reason why the debtor may not sell his right of redemption, and his vendee redeem by paying the amount of the bid, interest, and costs." This result, it was thought, followed from the conclusion reached in that and

prior cases (*Hays* v. *Thode*, 18 Iowa, 51, and *Dewey* v. *Tuttle*, 44 Iowa, 306), to the effect that the lien of a judgment under which real property has been sold and bid in by the judgment creditor for less than the amount due thereon is devested as to the unpaid balance; but the only question presented in that case was whether land sold under execution in pursuance of a decree of foreclosure of a mortgage, and purchased by the execution creditor for less than the amount of the decree, could be redeemed by the holder of the deficiency judgment, who was an heir of the purchaser; and it was held that it could not, and this upon the ground that his lien was extinguished by the sale. What was said beyond this was not necessary to a decision of the case. However, whether it be regarded as dicta or not, it has come to be regarded as settled law in that state. The decision has been approved in *Hayden* v. *Smith*, 58 Iowa, 285 (12 N. W. 289), and *Todd* v. *Davey*, 60 Iowa, 534 (15 N. W. 421). And in *Moody* v. *Funk*, 82 Iowa, 1 (31 Am. St. Rep. 455, 47 N. W. 1009), ROBINSON, J., says: "That the lien of the judgment would not be devested 'as to all persons' by the sale was held, in effect, in *Harms* v. *Palmer*, 73 Iowa, 446 (5 Am. St. Rep. 691, 35 N. W. 515); *Campbell* v. *Maginnis* 70 Iowa, 589 (31 N. W. 946); *Peckenbaugh* v. *Cook*, 61 Iowa, 478 16 N. W. 530), and other cases; for it was said in the cases cited that, if the judgment debtor redeem, the land redeemed would become subject to the lien of the unpaid portion of the judgment. But there is a marked difference between the case of a re-

demption by the judgment debtor and that of a
redemption by his grantee. * * * If his grantee
redeem, the execution creditor has no right to com-
plain." The earlier cases in that state may there-
fore be considered as overruled and no longer con-
trolling. Mr. Freeman is of the opinion that the
lien is removed by the sale, and that, while it may
attach after redemption as to newly acquired prop-
erty for any deficiency, it is not restored as of its
original date: 2 Freeman on Executions, § 321. In
*Seligman* v. *Laubheimer*, 58 Ill. 124, it is held that
under the Illinois statute a redemption by the
grantee of the mortgagor, who was also a junior
mortgage creditor, from a sale under a decree in a
suit instituted by the prior mortgagee, foreclosing
both mortgages, made for less than the amount of
the senior mortgage, did not restore the lien of
such mortgage for the unpaid balance, but that the
redemptioner took it devested of any lien arising
therefrom. These latter may be classed as in sup-
port of respondent's contention, but *Simpson* v. *Cas-
tle*, 52 Cal. 644, does not aid him, as it was ren-
dered in view of a very different statute.

Other authorities maintain the contrary doctrine.
In *Titus* v. *Lewis*, 3 Barb. 70, one Graves recovered
a judgment against James Whitcomb. Execution
was issued, and the lands of Whitcomb sold, and
bid in by Titus for less than the judgment. Subse-
quently, James Whitcomb conveyed to Ansen Whit-
comb, who redeemed from the sale by paying the
amount of the bid and costs. Thereupon a re-sale
of the same premises was had to satisfy the unpaid

balance of the judgment, and the title under this latter sale was upheld. Under a statute which provides that, "upon such payment being made by any person so entitled to redeem any real estate so sold, the sale of the premises so redeemed, and the certificates of such sale, shall be null and void," GRIDLEY, J., speaking for the court, says: "In this case, therefore, by the very terms of this enactment, the redemption under the first sale rendered that sale null and void; and, by necessary consequence, there having been no sale in law, there was no extinguishment of the judgment lien upon the premises. The judgment was merely paid and satisfied *pro tanto*, but remained a valid lien for the unpaid balance." *Wood* v. *Colvin*, 5 Hill, 228, is cited and was regarded as an authority in point, although in that case the redemption was made by the judgment debtor. In *Rutherford* v. *Newman*, 8 Minn. 47 (82 Am. Dec. 122), it is held that a redemption by the successor in interest of the judgment debtor terminates the sale, and applies the proceeds as a *pro tanto* payment on the judgment, leaving the estate in the hands of such redemptioner in the same condition in which it would have been had the redemption been made by the judgment debtor himself. *Warren* v. *Fish*, 7 Minn. 432, and *Standish* v. *Vosberg*, 27 Minn. 175 (6 N. W. 489), are to the same effect. In Indiana it is held that a redemption by one having a conveyance from the judgment debtor of real estate previously sold at sheriff's sale annuls the sale, and restores the property to the position it occupied before the sale with the judgment lien or

liens reinstated for any sums remaining unpaid: *Cauthorn* v. *Indianapolis, etc. Railroad Company*, 58 Ind. 214. And in *Green* v. *Stobo*, 118 Ind. 332 (20 N. E. 850), a like conclusion was reached, where an heir to the judgment debtor redeemed. See, also, *Hervey* v. *Krost*, 116 Ind. 268 (19 N. E. 125), and *Goddard* v. *Renner*, 57 Ind. 532. The case of *Porter* v. *Pittsburg Steel Company*, 122 U. S. 267 (7 Sup. Ct. 1206), is in harmony with the doctrine of the Indiana courts.

Upon principle, it is difficult to see wherein the rights of a successor in interest redeeming are to be distinguished from those of the judgment debtor himself. The statute gives the right of redemption to the judgment debtor or successor in interest, but declares that, when the judgment debtor shall redeem, the effect of the sale shall terminate, and he shall be restored to his estate. A conveyance by the debtor can confer no greater rights than he himself had. It cannot disencumber the property, nor give a better or superior title. The successor is not a *bona fide* purchaser for value, but simply occupies the shoes of his predecessor, with no new or enlarged rights or privileges, and can neither exercise nor enjoy any that the judgment debtor did not possess or could not have enjoyed. The effect of a sale under execution is to suspend, but not to devest, the lien of the judgment, as it suspends all subsequent liens until redemption is made, but a sheriff's deed cuts them off altogether. During the interim between the sale and the deed, the rights of the parties inter-

ested are measured by the statute. The sale is in-
choate, and does not transfer title until consum-
mated by the execution and delivery of the deed
in due course of law. If subsequent lienors, wheth-
er by judgment, decree, or mortgage, redeem, the
course of the sale is not thereby impeded or pre-
cluded, but finally culminates in a deed as if no
redemption was had by any one, and the deed puts
an end to the lien of the judgment or decree un-
der which the sale was made, and all other liens
subsequently acquired. But a redemption by the
judgment debtor has a very different effect. It
terminates the sale, and restores the estate. The
sheriff's duties are at an end, and he can proceed
no further. And such is the effect of a redemp-
tion by his successor in interest. The statute has
provided for redemption by but two classes of per-
sons,—the judgment debtor and his successor in
interest, and creditors having liens, etc. A re-
demption by the latter class is with a purpose of
securing a sheriff's deed in pursuance of the sale,
and a redemption by the former is inimical to the
sale, and puts an end to it; and the effect cannot
be different whether the judgment debtor or his
successor in interest redeem. The lien of the judg-
ment under which the sale proceeded, if only par-
tially satisfied, is not devested or eradicated, but is
simply suspended, as are the liens of all creditors
having subsequent judgments, decrees, or mort-
gages, pending the sale. If the sale is perfected
either to the purchaser or through the redemption
by subsequent lienors, they are all swept away;

but if redemption is had by the judgment debtor or his successor, they all survive or are reinstated as though no sale had been had. This must be said of the subsequent liens, and it should be true of the lien of the judgment under which the sale was effected; else, if it only took effect as of the date of redemption, subsequent liens would become superior and entitled to prior payment upon a re-sale. Mr. Justice BLATCHFORD, when he rendered the opinion in *Porter* v. *Steel Company*, 122 U. S. 267 (7 Sup. Ct. 1206), evidently entertained a like view, for he says: "The redemption was not made by the judgment debtor, so as to vacate the sale and reinstate the lien for the balance of the judgment which the purchase money of the sale did not pay." So with MITCHELL, J., in *Hervey* v. *Krost*, 116 Ind. 268 (19 N. E. 125). He says: "An examination of the statute will make it apparent that the right to make a statutory redemption is confined to three classes of persons: (1) The owner or part owner, his executor or administrator, under the order of the court, or his heirs or devisees, or any person claiming a legal or equitable title under him or them; (2) any judgment creditor; * * * and (3) any person having a lien, otherwise than by judgment. * * * It is only in case of redemption by persons embraced in the first class that the sale is vacated, and the real estate again subjected to the lien of the judgment, and to re-sale as if no sale had been made." For additional authorities bearing more or less upon the views here entertained, see 20 American and Eng-

lish Encyclopedia of Law (1st ed.), 639; *Bodine* v. *Moore*, 18 N. Y. 347; *Livingstone* v. *Arnoux*, 56 N. Y. 507; *Phyfe* v. *Riley*, 15 Wend. 248 (30 Am. Dec. 55); *Catlin* v. *Jackson*, 8 Johns. 520; *Cartwright* v. *Savage*, 5 Or. 397; *Dray* v. *Dray*, 21 Or. 59–67 (27 Pac. 223).

These latter authorities leads to the conclusion that a redemption by the grantee of the judgment debtor from an execution sale of real property, bid in for less than the judgment, applies the amount bid *pro tanto* in payment of such judgment, terminates the sale, restores him to his estate, and restores or reinstates the lien for the unpaid balance, and a re-sale of the property may be had to satisfy the same. This we think to be the better rule and doctrine, and therefore approve *Settlemire* v. *Newsome*, 10 Or. 446. Nor does *Willis* v. *Miller*, 23 Or. 352, contravene the rule, and was not designed nor intended to overrule *Settlemire* v. *Newsome*, or modify it in any particular. The facts in *Willis* v. *Miller* were that one Phipps, being the owner of certain real property, mortgaged it to Humphrey & Flint, and two days later conveyed to Willis. Humphrey & Flint subsequently obtained a decree of foreclosure directing a sale of the premises to satisfy the same, with judgment over against Phipps for any deficiency that might remain after the sale and application of the proceeds. A sale was had in pursuance of the decree, and a deficiency remained. Willis redeemed, and, an execution having been issued upon the deficiency judgment, and a levy made by virtue thereof upon the same premises, a

re-sale was enjoined. The deficiency judgment was against Phipps alone, and therefore never became a general lien against the land in the hands of Willis. Hence it was held that the redemption by Willis did not affect the judgment in any way, and that, by the sale under the decree, the mortgagees had exhausted the remedy afforded them by virtue of their mortgage contract. A mortgage is a specific lien, which attaches by virtue of the contract of the parties concerned; but the lien of a judgment is general, and attaches by operation of law, as a sequence of its rendition. Foreclosure is a remedy by which the property covered by the mortgage may be subjected to sale for the payment of the demand for which the mortgage stands as security, and, when the decree is had and the property sold to satisfy it, the mortgagee has obtained all he contracted for; but, if there is also a personal decree against the mortgage debtor, this becomes, from the date of its docketing, a general lien upon his real property, as in case of a judgment; and, if a deficiency remains after the application of the proceeds of the sale of the lands covered by the mortgage, the decree may be enforced by execution, as in ordinary cases: Hill's Ann. Laws, § 417, subd. 2. The re-sale does not take place under the order for the sale of the specific property covered by the mortgage lien, for that has been exhausted, but under the personal decree which remains as a deficiency decree against the mortgage debtor after the application of the proceeds arising under the order of sale; and a re-

demption will not reinstate the specific mortgage lien, while it will the general lien acquired by the personal decree. This distinction is clear, and is bottomed both upon principle and authority. The redemption is from the sale, and not from the mortgage; and if the lien of the personal decree has never attached, by reason of the mortgagor not having the fee of the property at the time it' was rendered, there never existed any lien to be reinstated against his successor in interest, who purchased prior to the decree. *Ogle* v. *Koerner*, 140 Ill. 170 (29 N. E. 563), fully sustains this view. For authorities other than those cited in the opinion, see *Standish* v. *Vosberg*, 27 Minn. 175 (6 N. W. 489); *Fowler* v. *Johnson*, 26 Minn. 338 (3 N. W. 986, and 6 N. W. 486); *Campbell* v. *Maginnis*, 70 Iowa, 589 (31 N. W. 946); *Harms* v. *Palmer*, 61 Iowa, 483 (16 N. W. 551); *Harms* v. *Palmer* 73 Iowa, 446 (5 Am. St. Rep. 691, 35 N. W. 515); *Escher* v. *Simmons*, 54 Iowa, 269, 275 (6 N. W. 274). The decree of the court below will be reversed, and one entered here dismissing the complaint.

<div align="right">REVERSED.</div>