PEOPLE'S SAVING BANK, Appellant, v. C. F. McCARTHY AND ALBERT HEAD, Appellees.

**JuDgment Liens:**   SALE UNDER PRIOR JUDGMENT:   SALE OF EQUITY. EFFECT OF REDEMPTION BY GRANTEE.   A judgment when entered becomes a lien on any present interest in the realty of the judgment debtor, and his grantee of the property takes it with the same limitations and rights with respect to redemption as possessed by the judgment debtor; and redemption by the grantee from a sale under a prior judgment against his grantors will not devest the property of the lien of other valid judgments against his grantors entered when the transfer was made.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

WEDNESDAY, FEBRUARY 11, 1903.

The facts, in so far as material, are that E. S. and Alberta Aborn were owners of lots 11 and 12 in block 20 of the original town of Ft. Des Moines for many years prior to May 12, 1899, when they conveyed them to defendants. May 11, 1898, Ella Wagner recovered a judgment against the Aborns for $88.54 and costs, which was subsequently assigned to the plaintiff. On the next day, May 12, 1898, the premises were sold under a general execution issued on a judment against them and in favor of Marshall Field & Co. April 12, 1899, the plaintiff recovered judgment against them for $458.91 and costs. The day of the conveyance to defendants, May 12, 1899, they redeemed from the sheriff's sale. In this action, plaintiff seeks to have its judgments established as liens, and enforced against the lots. The defendants demurred on the ground that the facts stated did not entitle the plaintiff to the relief demanded. This view prevailed, and, as plaintiff elected to stand on the ruling, the petition was dismissed, and it appeals.—*Reversed.*

*Baily & Stipp* for appellant.

*Dowell & Parrish* for appellees.

Ladd, J.—A judgment becomes a lien on any present interest of the judgment defendant in real estate owned by him as soon as entered of record. Code, section 3801; *Taylor v. Taylor*, 118 Iowa, 407. One of plaintiff's judgments attached the day before the sheriff's sale under Marshall Field & Co.'s judgment, and the other eleven months thereafter. *Curtis v. Millard*, 14 Iowa, 128; *Barnes v. Cavanagh*, 53 Iowa, 27. Redemption from this sale was made by the defendants precisely one year thereafter, and on the very day they acquired the property by conveyance from the Aborns. The effect thereof was to extinguish the indebtedness and destroy the lien, for the equitable interest in the land represented by the

sheriff's certificate never ripened into title by the execution of the sheriff's deed. What, then, devested the liens of plaintiff's judgments? Had defendants procured an assignment of the certificate, and obtained a sheriff's deed thereon, there is no doubt, under the statute, but that they would "hold the property absolutely." Section 4054, Code. But the redemption operated merely to discharge the lien of Marshall Field & Co.'s judgment, and left the title precisely as before. *Varnum v. Winslow*, 106 Iowa, 287; *Everingham v. Braden*, 58 Iowa, 134; *Shimer v. Hammond*, 51 Iowa, 401. If so, then nothing has occurred since the rendition of the judgments in question to relieve the lots from their burden. Such is the doctrine of *Curtis v. Millard, supra*, and it has not been impinged in succeeding decisions. True, it was misapplied in *Crosby v. Elkader Lodge*, 16 Iowa, 399, in holding that redemption from a sale for part of a judgment by the owner's grantee left the property subject to the lien of the unsatisfied portion. That case was overruled by *Clayton v. Ellis*, 50 Iowa, 590, on the ground, shortly stated, that a sale under execution exhausted the judgment lien, and, when title passes to a third party, it does not again attach, as against him, upon redemption, as it would if held by the debtor. If title continues in the debtor, redemption operates merely to satisfy the portion of the indebtedness for which sold, and the lien of the unsatisfied balance of the judgment immediately reattaches to the realty. *Campbell v. Maginnis*, 70 Iowa, 589. In other words, the right of redemption is secured to the debtor, exclusively, during the first six months and the last three months after the sheriff's sale, to protect him in his property rights, but not to in any way assist him in the evasion of his just obligations. He may arrange with his creditors, satisfy the lien, or dispose of his equity of redemption. If the latter course is pursued, the grantee takes the property subject to and charged with all existing liens, and redemption by

him amounts to nothing more or less than the satisfaction
of those from which such redemption is made.    Indeed,
the statute expressly provides that "the rights of a debtor
in relation to redemption are transferable, and the as-
signee has the like power to redeem."  Section 4061, Code.

The difference in the situation of the debtor and the
grantee is this:   Redemption by the former leaves the
realty exposed to the satisfaction of his debts, while in
the hands of the latter it is relieved from all these, not
existing liens at the time of the transfer.   The same prin-
ciple has been applied to mortgage foreclosures.  *Harms
v. Palmer*, 73 Iowa, 446; *Todd v. Davey*, 60 Iowa, 532.
In the latter case appear dicta to the contrary, as is made
evident by the decision of *Campbell v. Maginnis, supra*,
rendered some years later.   In *Harms v. Palmer*, 73 Iowa,
446, the court held that upon the foreclosure of a mort-
gage, and sale of the property for one installment of the
debt secured, the grantee of the mortgagor might redeem
from the sale, and take the property devested from the
lien of any unsatisfied portion or installment, and is
clearly within the doctrine of the cases already mentioned.
In *Moody v. Funk*, 82 Iowa, 1, and *Bevans v. Dewey*, 82
Iowa, 85, junior lien holders were made parties to the
decree, and the court held that, because of this, their liens
expired upon the failure to redeem from the sale within
the period prescribed, and the mortgagor's grantee took
the land freed from their claims.   The ground of the
decision is thus stated in *Bevan's Case*:   "We think her
rights are the same as they would have been had she fore-
closed her mortgage in an original proceeding, instead of
doing so by means of a cross-petition in the action com-
menced by Fullerton.   She was a party to the Fullerton
decree, and is chargeable with the notice of the sale under
it.   She has had the opportunity of redeeming from it,
but neglected to improve it.   As a junior incumbrancer,
by permitting redemption to be made, not by the judgment

debtor, but by one who held title as his widow and as grantee of his heirs, she lost the right to enforce her judgment against the property so redeemed." See *Co-operative Savings & Loan Ass'n v. Kent*, 108 Iowa, 146; *Wells v. Ordway*, 108 Iowa, 86.

In the instant case, neither plaintiff nor its assignor were made parties to any other action, nor have their liens been affected by any decrees, and in these respects are distinguishable from the decisions last cited. Expressions may be found in several opinions somewhat inconsistent with *Curtis v. Millard*, but it has never been overruled, and, as already indicated, we regard it as sound in principle. The judgment creditor, in order to acquire the right of the certificate holder, must redeem within nine months from the sale. *Jack v. Cald*, 114 Iowa, 349. And on failure to do so, his lien may be devested by a sheriff's deed. Nothing in the Code indicates that his lien is otherwise terminated at the end of that period. In declaring that the equity of redemption is the subject of levy and sale, a contrary conclusion is necessarily involved. See *Harrison v. Wilmering*, 72 Iowa, 727, where such equity was sold by the sheriff eleven months after the first sale. *Barnes v. Cavanagh*, 53 Iowa, 27.

As plaintiff's liens were never devested by virtue of a decree of court, or the execution of a sheriff's deed, and are not barred by any statute, they may be enforced against the lots of defendants acquired subject thereto.

The ruling on the demurrer was erroneous, and must be REVERSED.

BISHOP, C. J., took no part.