Argued April 9; affirmed April 30; argued on rehearing October 8; former opinion adhered to December 10, 1946; second petition for rehearing denied February 11, 1947

## FOSTER *v.* GOSS ET AL.
(168 P. (2d) 589, 175 P. (2d) 794)

*MacCormac Snow,* of Portland (with Harvey S. Benson, of Portland, on brief), for appellant.

*Verne D. Dusenbery,* of Portland (Crum, Dusenbery & Martin, on brief), for respondents.

Before BELT, Chief Justice, and ROSSMAN, LUSK, BRAND and HAY, Justices.

LUSK, J.

This is a companion case to *Ulrich v. Lincoln Realty Company,* this day decided. It involves the same parties and the same question.

Subsequent to the entry by the court below of the order quashing the writ of execution in the Ulrich case, the plaintiff Foster, the judgment creditor who caused the writ to be issued in that case, filed a complaint in the circuit court in which the facts leading up to the issuance of the writ are recited, and a decree sought declaring plaintiff's deficiency judgments to be a lien against the real property in question, and ordering that a writ of execution issue and that the property be sold to satisfy such judgments.

The defendants demurred to the complaint, and the court sustained the demurrer and entered an order of dismissal, from which this appeal is taken.

■ We think the suit was properly dismissed, though not for the reasons given by the learned circuit judge, who based his ruling upon a construction of the redemption statute contrary to that which we have announced in the Ulrich case. The complaint, according to the statement of counsel for plaintiff on the argument, was filed under the declaratory judgment statute, though it goes beyond a mere attempt to secure a declaration of rights and asks for equitable relief by way of the imposition of a lien on real property and an order of sale on execution for the satisfaction of such lien. So the declaratory feature may be disregarded and the complaint treated as an ordinary bill in equity.

As such, it does not state a cause of suit for equitable relief because the questions involved are purely legal, are governed altogether by statute, and could be, and have now been, fully and finally determined in the proceeding to recall the execution in *Ulrich v. Lincoln Realty Company.*

The decree is affirmed with costs to the defendants.

---

Argued on rehearing October 8; former opinion adhered to December 10, 1946; second petition for rehearing denied February 11, 1947

### ON REHEARING
(175 P. (2d) 794)

Before BELT, Chief Justice, and ROSSMAN, KELLY, LUSK, BRAND and HAY, Justices.

### LUSK, J.

As stated in our former opinion, the plaintiff in this suit—the judgment creditor and appellant in the companion case of *Ulrich v. Lincoln Realty Company*— seeks a declaratory decree that plaintiff's deficiency judgment is a lien against the real property redeemed by Roehr, respondent in the companion case, and that a writ of execution issue on such decree and the property in question be sold to satisfy such judgment. The theory on which plaintiff bases his right to invoke the aid of a court of equity appears to be as stated in his complaint, "that the statutes of this state providing for the issuance of execution and the levy thereunder upon real property do not afford an adequate remedy for the right accruing to the plaintiff under said de-

ficiency judgments and under the amendment of 1917 (§ 6-1602, O. C. L. A.).''

■ We agree with the foregoing statement (see opinion on rehearing this day rendered in *Ulrich v. Lincoln Realty Company*), but we are cited to no authority, and are aware of none, under which the court is empowered to afford such a remedy. In substance, the court is asked to create an equitable lien against the property because the legislature has failed to create a statutory lien. We think that a court of equity has no such power. ''Such a lien may be created by an express contract which shows an intention to charge some particular property with a debt or obligation, or it may arise by implication from the relations and dealings of the parties whose interests are involved.'' 33 Am. Jur., Liens, 427, § 18. See, to the same effect, 4 Pomeroy, Eq. Jur. (5th ed.), 695, § 1234. In this case there were no dealings between the plaintiff and the defendants, and therefore no basis under the principle stated for the claimed lien. And in any event, whatever inherent power a court of equity may have to impress liens on property, as, for example, in some jurisdictions to make a decree for alimony a lien on the husband's real estate (19 C. J., Divorce, 313, § 725), we think it clear that the power to create a lien cannot be drawn from the legislature's failure to provide one. The lien sought here must be given by statute if at all, and it is scarcely necessary to say that the court has no legislative powers and is not authorized to supply deficiencies in a statute.

It follows that the decree of the Circuit Court dismissing the suit was right, and our former decision affirming such decree is, for the reasons hereinabove given, adhered to.