Argued December 9, affirmed December 30, 1971

MAAS, *Respondent, v.* BOLINGER ET UX, *Appellants.*

492 P2d 276

*Gerald R. Pullen,* Portland, argued the cause for appellants. With him on the brief was Eugene L. Pfeiffer, Portland.

*George G. Van Natta,* St. Helens, argued the cause for respondent. With him on the brief were Van Natta and Peterson, St. Helens.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Howell, and Bryson, Justices.

HOWELL, J.

Plaintiff filed this action in ejectment claiming title to the property through a sheriff's deed following an execution sale of one Charles Butler's interest in the property. Trial was had before the court, who entered findings of fact and conclusions of law and judgment to the effect that plaintiff was the owner in fee simple and was entitled to immediate possession of the real property involved. Defendants appeal.

The following is a chronology of the events material to this appeal:

August 11, 1953—Title to the subject property was acquired by defendants' grantors, Charles and Geraldine Butler, as tenants by the entirety.

June 23, 1965—Judgment entered in favor of

Credit Bureau of Columbia County against Charles R. Butler. (Sheriff's Certificate of Levy executed December 9, 1965.)

January 14, 1966—Right, title and interest of Charles R. Butler sold by Columbia County sheriff on execution sale to plaintiff for $2,600 cash.

November, 1969—Geraldine Butler died.

September 14, 1970—Charles R. Butler conveyed property to defendants Henry A. and Helen L. Bolinger.

December 21, 1970—Order of circuit court confirming sale to plaintiff.

December 23, 1970—Deed from sheriff of Columbia County to plaintiff.

December 29, 1970—Plaintiff filed this action of ejectment against defendants.

The defendants contend that the period of redemption runs in favor of Butler or his successors in interest for one year after the order confirming the sale on December 21, 1970 and, therefore, the defendants would have until December 21, 1971, in which to redeem the property. The defendants also contend that the order of December 21, 1970, confirming the sale to plaintiff, was a nullity as the debtor Butler's title had previously been transferred to defendants.

Prior to the 1927 legislative session, Oregon Laws 1920, § 248, provided that the mortgagor or judgment debtor could *"at any time prior to confirmation of sale, and also within one year after confirmation of the sale, redeem the property * * *."* (Emphasis added.)

However, in 1927 the legislature amended Oregon Laws 1920, § 248, and the amendment is now codified as ORS 23.560(1) and reads in part:

"The mortgagor or judgment debtor whose

right and title were sold, or his * * * grantee, who has acquired by * * * sale * * * the legal title to the property sold, may, at any time within one year after the *date of sale,* redeem the property * * *." (Emphasis added.)

■■ The legislative amendment of 1927 substituted in place of the two redemption periods embodied in the old law—which was any time prior to confirmation of sale and within one year after confirmation of the sale—a single one-year period of redemption that commences to run from the date of sale. The "date of sale" is the time when the property was sold by the sheriff at the execution sale. *Robertson v. McClintock et al,* 86 Ark 255, 110 SW 1052 (1902). The effect of the 1927 amendment was to abolish any significance attaching to the order of confirmation as it related to the period of redemption. Now the redemption must be made within one year after the date of sale. As the date of sale was January 14, 1966, the right of the debtor or his assigns to redeem expired one year later and long before plaintiff filed this action in ejectment.[①]

The defendants are entirely incorrect in their contention that the order confirming the sale to plain-

---

[①] ORS 23.490 provides in part that the order confirming the sale may be executed after the expiration of 10 days from the date of filing the return of sale unless the judgment debtor files objections.

ORS 23.600 provides that the purchaser is entitled to a conveyance from the sheriff if redemption is not made within the prescribed time.

The defendants point out that the order of December 21, 1970, confirming the sale to plaintiff recites that plaintiff will be entitled to a sheriff's deed after the right of redemption has expired. The recital would ordinarily have been correct had the order confirming the sale been executed when plaintiff was entitled to it—ten days after the date of filing the return of sale. Here, however, more than one year had elapsed from the time of the execution sale, and the debtor's right of redemption had already expired at the time of the order confirming the sale.

tiff was a nullity because the debtor, Butler, had previously transferred his interest to defendants.

Under Oregon law plaintiff, as purchaser at the execution sale, acquired an equitable estate in the realty purchased. The legal title remains in the debtor —or, in this case, the defendants as grantees from the debtor—with the right to defeat the sale already made by redeeming within the statutory period. The estate of the purchaser is subject to being defeated by redemption by the grantor or his successors within the statutory time. *Haskin et al v. Greene,* 205 Or 140, 160, 286 P2d 128, 137 (1955).

3. Thus the plaintiff, as the purchaser at the sale, acquired an equitable estate in the property, which estate will ripen into legal title if not redeemed within the statutory period. The debtor retains the legal title subject to losing it to the purchaser if the debtor fails to redeem. Obviously a sale by the debtor would not defeat the right of the purchaser to acquire the complete title if redemption is not accomplished. The debtor may only convey the interest he has in the property—the right to redeem within the statutory period. If the law were as defendants contend, then a debtor whose property has been sold at an execution sale could, merely by conveying his interest to another, forever foreclose the purchaser from acquiring legal title.

Affirmed.