Argued and submitted December 12, 1989, the decision of the Court of Appeals and judgment of the circuit court reversed; remanded to the circuit court for further proceedings March 27, reconsideration denied May 3, 1990

FRANKLIN et ux,
*Respondents on Review,*

*v.*

SPENCER et al,
*Defendants,*

HARBER et al,
*Petitioners on Review.*

HARBER et ux,
*Petitioners on Review,*

*v.*

FRANKLIN et ux,
*Respondents on Review.*

(CC 86-1253, 86-1288; CA A44858; SC S36409)

789 P2d 643

J. Christopher Minor, of Minor, Beeson & Boone, P.C., Newport, filed the petition for petitioners on review and argued the cause for petitioner Linzy. Frederick J. Ronnau, Lincoln City, argued the cause for petitioners on review Harber.

Scott W. McGraw, Salem, argued the cause for respondents on review.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette and Fadeley, Justices.

PETERSON, C. J.

** Linde, J., retired January 31, 1990.

## PETERSON, C. J.

After foreclosure of a mortgage, after sale of the mortgaged property at a sheriff's sale, and during the time within which redemption could be made, the plaintiffs herein purchased the mortgagor's right to redeem the foreclosed property, and thereafter redeemed. The main issue is: If a mortgagor, after foreclosure and sale, but during the time within which the mortgagor can redeem, assigns the right to redeem and the assignee redeems, are liens arising from unsatisfied judgments against the mortgagor/assignor, judgments that existed before the foreclosure decree and sale, "reinstated"[1] as to the redeemed property? We hold that they are.

The facts are complex. We set them forth in chronological form.

| Date | Event | Person |
|------|-------|--------|
| Before 1970 | Loevitaur owned real property in Lincoln County | |
| 12/70 | Loevitaur gave a mortgage to | Walters |
| 6/79 & 9/81 | Two judgments against Loevitaur in favor of | Harbers |
| 12/81 | Walters filed a mortgage foreclosure suit against Loevitaur, also naming the Harbers as defendants | |
| 8/82 | During pendency of the foreclosure suit, but before foreclosure decree, another judgment was entered against Loevitaur in favor of the Drobnics (who were then added as defendants) | Drobnics |
| 2/85 | Foreclosure decree | |
| 4/85 | Sheriff's sale. The purchaser at the sheriff's sale was | Linzy |

---

[1] The parties have used a number of terms to describe the effect redemption may have on unsatisfied judgment liens remaining after the foreclosure sale. Throughout the opinion each of these terms will be utilized. The preferred term, however, is "continues."

| 3/86 | Loevitaur conveyed his right of redemption to | Plaintiffs Timothy Franklin and Phyllis Franklin |
|---|---|---|
| 4/4/86 | Plaintiffs redeem | |
| 4/18/86 | Drobnics assign their judgment to | Linzy |
| | Thereafter, Harbers applied to the sheriff for execution on the real property redeemed by the plaintiffs | |
| 7/86 | Plaintiffs filed this action, seeking an injunction against Harbers, Linzy and the sheriff, claiming that the foreclosure of the mortgage extinguished the three judgment liens and that the judgment liens were not reinstated when redemption occurred.[2] | |

The circuit court held that the judgment liens were not "reinstated" by the plaintiffs' redemption, and enjoined the sheriff from selling the plaintiffs' real property on execution. The Court of Appeals reversed, holding that "* * * a grantee of a mortgagor who redeems from a foreclosure sale takes the property subject to any judgment liens against the mortgagor that had attached to the property before the grantee's purchase." *Franklin v. Spencer,* 94 Or App 355, 361, 765 P2d 1241 (1988). On reconsideration, the Court of Appeals withdrew its former opinion and affirmed the decision of the circuit court. *Franklin v. Spencer,* 97 Or App 202, 776 P2d 13 (1989).

■ We hold:

1. A mortgagor, after foreclosure and sale of the mortgaged property and during the time that the mortgagor

---

[2] In a second action, also before us, the Harbers sued the Franklins, asking for declaratory and injunctive relief. We will refer to Mr. and Mrs. Franklin as the plaintiffs, and to the other parties by name.

can redeem, holds "legal title" to the property in the form of a right to redeem.

2.   Even though the purchaser at the foreclosure sale takes the property free from the lien of judgments against the mortgagor, judgment liens that existed against the mortgagor's interest in the real property before foreclosure continue to exist in the mortgagor's interest in the real property — the retained legal title following foreclosure.

3.   If after the foreclosure sale the mortgagor assigns the right to redeem to a third person, and the assignee thereafter redeems, the judgment liens theretofore existing against the mortgagor's retained legal title become a lien on the redeemed real property, and the property can be sold on execution of the judgment creditor's judgment.

The resolution of this case turns on the meaning of statutes relating to the creation of judgment liens, the execution of judgment liens, the foreclosure of mortgages, and redemption following the sheriff's sale. We turn to those statutes.

A.    Enforcement and Sale

ORS 18.350(1) provides that from the time of docketing a judgment "* * * such judgment shall be a lien upon all the real property of the judgment debtor within the county where the same is docketed * * *." The lien attaches "[f]rom the time of docketing." The docketing of the judgment gives constructive notice of the lien against the property. ORS 93.643(2). Subsequent conveyances of the real property are subject to the judgment lien. ORS 18.370. *Oliver v. Wright,* 47 Or 322, 327, 83 P 870 (1905). *See also Kaston v. Storey,* 47 Or 150, 153, 80 P 217 (1905).

Two sets of statutes control the enforcement of judgment liens and mortgage liens. ORS 23.030 to 23.105 and ORS 23.410 apply to the collection of judgments by levy and execution. ORS 88.010 to 88.120 apply to the foreclosure of mortgage liens.[3]

---

[3] ORS 88.010 in part states that:

"Except as otherwise provided by law, a lien upon real or personal property, *other than that of a judgment or decree,* whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit." (Emphasis added.)

ORS Chapter 88 provides for the filing of a mortgage foreclosure "suit." ORS 88.050 directs that if multiple defendants have liens on the real property being foreclosed, the court shall specify the order of priority of the liens, and enter a decree of foreclosure and sale. The court may enter a deficiency judgment in those cases in which the proceeds of sale are insufficient to pay all creditors.[4] ORS 88.060(2).

ORS 88.080 concerns the sale of the foreclosed property. It provides:

> "A decree of foreclosure shall order the mortgaged property sold. Property sold on execution issued upon a decree may be redeemed in like manner and with like effect as property sold on an execution pursuant to ORS 23.410 to 23.600, and not otherwise. A sheriff's deed for property sold on execution issued upon a decree shall have the same force and effect as a sheriff's deed issued for property sold on an execution pursuant to ORS 23.410 to 23.600."

ORS 23.410 to 23.515, incorporated by reference in ORS 88.080, prescribe sale procedures for real property sold on execution of a judgment lien. ORS 23.510 provides that "[a]t

---

[4] The foreclosure decree provided in part:

"3. The mortgage lien is foreclosed and all interest which the Defendants Lamonte Hillstrom n/k/a Lavonte, Floyd A. Hillstrom, Ted Harber and Karen Harber, husband and wife, Theodore J. Langton, Karl Drobnic and Irene Drobnic, husband and wife, and Northstar Surveying, Inc., had on and after December 15, 1970, in the real property shall be sold by the Sheriff of Lincoln County, Oregon, in the manner provided by law and in accordance with the practice of this Court.

"4. The proceeds of said sale shall be applied first toward the cost of the sale; then toward the satisfaction of Plaintiff's Judgment awarded herein; and the surplus, if any, to the Clerk of the Court to be distributed first to satisfy the Judgment of Defendants Karen Harber and Ted Harber against Defendant Lavonte dated November 2, 1981, in the sum of TWENTY THOUSAND TWO HUNDRED EIGHTY FIVE and NO/100 DOLLARS ($20,285.00) with interest thereon at the rate of nine percent (9%) per annum from November 2, 1981 until paid, and then to satisfy the Judgment of Defendants Karl Drobnic and Irene Drobnic against Defendant Lavonte docketed December 15, 1981, in the sum of TEN THOUSAND and NO/100 DOLLARS ($10,000.00) with interest thereon at the rate of nine percent (9%) per annum from August 16, 1977, until paid, and any surplus to the Clerk of the Court to be distributed to such additional party or parties as may establish their right thereto.

"5. The Defendants and all persons claiming through or under them as purchasers, encumbrancers or otherwise are forever foreclosed of all interest, lien or claim in the real property described above and every portion thereof excepting only any statutory right of redemption as the Defendants or any of them may have therein."

the time of sale, the sheriff shall give to the purchaser a certificate of the sale * * *." Thereafter, the sheriff returns the execution to the court, pays the proceeds of the sale to the clerk, and the court confirms the sale. ORS 23.490.

## B. Redemption

■ ■ An execution and subsequent sheriff's sale have a number of effects, including these:

1. The sheriff gives to the purchaser "a certificate of the sale." ORS 23.510. The purchaser thereafter is, in most situations, entitled to possession of the real property. *Lytle v. Payette-Oregon Irr. Dist.,* 175 Or 276, 290-91, 152 P2d 934 (1944).

2. If no one redeems within the period for redemption, the purchaser "shall be entitled to a conveyance from the sheriff." ORS 23.600. ORS 23.600 says nothing about warranties of title in the conveyance instrument. The last sentence of ORS 23.600 states that if the purchaser obtains, prior to the expiration of the time for redemption, "the rights of all persons entitled to redeem, the court may direct the sheriff to execute a deed of conveyance, * * * and upon the execution thereof the title of such purchaser * * * shall become absolute." The title conveyed to the purchaser is free of the liens. *Call v. Jeremiah,* 246 Or 568, 573-74, 425 P2d 502 (1967); *Kaston v. Storey, supra,* 47 Or at 153; *Flanders v. Aumack,* 32 Or 19, 26, 51 P 447 (1897).

Following the sale, the redemption statutes, ORS 23.520 to 23.600 — which apply alike to sales on foreclosure of mortgaged real property and sales of real property on execution of judgment liens — come into play. Interested persons may redeem by paying the amount of the purchase price, with interest. ORS 23.540 and ORS 23.560(2). If the mortgagor or judgment debtor redeems, "the effect of the sale shall terminate and the judgment debtor shall be restored to the estate of the judgment debtor." ORS 23.600.

■ That brings us to the key statute in this case, ORS 23.530(1). It provides:

"Property sold subject to redemption, as provided in ORS

23.520,[5] or any part thereof separately sold, may be redeemed by the following persons:

"(1)   The mortgagor or judgment debtor whose right and title were sold, or the heir, devisee or grantee of the mortgagor or judgment debtor, who has acquired, by inheritance, devise, deed, sale, or by virtue of any execution or by any other means, the legal title to the whole or any part of the property separately sold; provided, that in the event redemption is made by anyone acquiring the legal title after attachment, or after a judgment becomes a lien on the property, such person shall acquire no greater or better right thereby to the property so redeemed than the holder of the legal title at the time of such attachment or judgment."

■       The term "legal title," as used in ORS 23.530(1) is not otherwise defined. We have previously held, and again hold, that the mortgagor's or judgment debtor's statutory right of redemption includes the "legal title." Thus, following the foreclosure sale and during the time for redemption, "legal title" is held by the mortgagor. *Haskin et al v. Greene,* 205 Or 140, 151, 286 P2d 128, 286 P2d 137 (1955); *Kaston v. Storey, supra,* 47 Or at 152; *Dray v. Dray,* 21 Or 59, 67, 27 P 223 (1891).[6] Even though the purchaser at a sheriff's sale receives a "certificate of the sale" from the sheriff, no conveyance to the purchaser has yet been made, and, in most cases, is not made until the time for redemption has expired. ORS 23.600. The purchaser is not entitled to an "absolute" title until the deed of conveyance. ORS 23.600. Until the sale is complete the purchaser at the sale holds "a mere inchoate and defeasible right to a conveyance of the legal title," subject to the right of possible

---

[5] ORS 23.520 states that any sale of real property, except "when the estate is less than a leasehold of two years' unexpired term," is subject to redemption.

[6] Dictum in *Call v. Jeremiah,* 246 Or 568, 574 n 3, 425 P2d 502 (1967), challenges the principle that title stays with the mortgagor during this period. It notes that ORS 23.600 "provide[s] that upon redemption the mortgagor is 'restored to his estate.' " In dictum it states that "[i]t would seem unnecessary to so provide if 'title' remains in the mortgagor * * *." Just four years after *Call,* however, this court reaffirmed its prior holdings that title stays with the mortgagor after the foreclosure sale and during the redemption period. *Maas v. Bolinger,* 261 Or 23, 27, 492 P2d 276 (1971), states:

"Under Oregon law plaintiff, as purchaser at the execution sale, acquired an equitable estate in the realty purchased. The legal title remains in the debtor — or, in this case, the defendants as grantees from the debtor — with the right to defeat the sale already made by redeeming within the statutory period. The estate of the purchaser is subject to being defeated by redemption by the grantor or his successors within the statutory time." (Citation omitted.)

redemptioners to redeem. *Kaston v. Storey, supra,* 47 Or at 155. "Legal title" remains with the mortgagor/judgment debtor until the foreclosure sale is complete.

### C. The Judgment Lien

■ ORS 18.350 provides that the docketing of a judgment creates a lien "upon all the real property of the judgment debtor within the county * * * or which the judgment debtor may afterwards acquire therein." It has long been recognized that redemption by the mortgagor or judgment debtor "reinstates" the lien of any unsatisfied docketed judgment the instant that the mortgagor or judgment debtor redeems.

■ In the case at bar, however, the mortgagor did not redeem. The plaintiffs obtained the mortgagor's right of redemption after decree and after sale on execution of the decree,[7] and thereafter redeemed. Whether the plaintiffs stand in the shoes of the mortgagor is determined by ORS 23.530, and specifically by the words "provided, that in the event redemption is made by anyone acquiring the legal title after attachment, or after a judgment becomes a lien on the property, such person shall acquire no greater or better right thereby to the property so redeemed than the holder of the legal title at the time of such attachment or judgment."

The words "acquiring the legal title *after* attachment, or *after* a judgment becomes a lien on the property" refer to a point in time. (Emphasis added.) Here, the plaintiffs acquired the mortgagor's right to redeem after the judgments became a lien on the mortgagor's interest in the real property. When the plaintiffs purchased the mortgagor's right of redemption they acquired "legal title." Under these circumstances, ORS 23.530(1) is express: The judgment debtor's or mortgagor's successor in interest acquires "no greater or better right * * * to the property * * * than the holder of the legal title at the time of such attachment or judgment." The plaintiffs stand in

---

[7] The transfer was by a bargain and sale deed that included this language:

"This conveyance is intended as an assignment of all of Grantor's right title and interest in and to the property described herein, including an assignment of Grantor's Right to Redeem said property by virtue of Grantor's interest as mortgagor of that certain mortgage recorded December 16, 1970 as microfilm volume 22, page 1458 Lincoln County Records and which mortgage was subsequently foreclosed and the property described herein sold on execution in Lincoln County Circuit Court case number 45989 on April 5, 1985 by the Sheriff of said county."

the shoes of the mortgagor/assignor and own the property subject to the judgment liens.

### D. Prior Decisions

Our previous decisions are not entirely consistent. We therefore deem it appropriate to discuss some of them.

The proviso in ORS 23.530(1) was added in 1917.[8] *Ulrich et al. v. Lincoln Realty Co. et al.,* 180 Or 380, 168 P2d 582, 175 P2d 149 (1947), was the first time this court interpreted ORS 23.530(1).[9] In *Ulrich* a foreclosure suit was filed on mortgaged property. The mortgagor, after the suit was filed, but before decree, conveyed the property to the grantee. The issue was whether a judgment lien, representing the deficiency left after the foreclosure sale, attached to the grantee's interest in the property so that the grantee would have taken "the property subject to the liability to have it sold again for the satisfaction of any balance remaining due on the judgment." 180 Or at 398-98.

The court initially held that the judgment lien attached and the property in the hands of the grantee-redemptioner could be resold on execution. On reconsideration, however, the court recognized that a mortgage lien merges into the foreclosure decree and any deficiency judgment results in a new judgment lien that is not docketed until after the foreclosure sale. The mortgagor in *Ulrich* transferred his interest in the property, including the right of redemption, before the decree and sale occurred and thus, before the docketing of the deficiency judgment lien which was a personal judgment against the mortgagor. Consequently, the judgment lien did not attach to the grantee's interest in the property and the

---

[8] General Laws of Oregon, ch 352, § 1, p 736 (1917), OCLA § 6-1602.

[9] At the time *Ulrich et al. v. Lincoln Realty Co. et al.,* 180 Or 380, 389, 168 P2d 582, 175 P2d 149 (1947), was decided, the proviso stated

"* * * that in the event redemption is made by anyone acquiring the legal title * * * *after the institution of suit to foreclose a mortgage or lien,* * * * such person shall acquire no greater or better right thereby to the property so redeemed than the holder of the legal title at the time of * * * *the institution of such suit.*" (Emphasis added.)

The italicized portions apparently were deleted at the time the statute was codified in 1953. *See Franklin v. Spencer,* 94 Or App 355, 359 n 5, 765 P2d 1241 (1988), *vacated* 97 Or App 202, 776 P2d 13 (1989).

property could not be resold to satisfy the deficiency judgment lien.

Pre-1917 cases addressing the issue in this case, although decided prior to the amendment, comport with present ORS 23.530(1). In *Settlemire v. Newsome,* 10 Or 446, 446 (1882), the court held that property "sold on execution for an amount less than the judgment debt, and redeemed by the grantee of the judgment debtor, may be a second time sold for the balance due on the judgment." The court reasoned that "[t]he lien binds the title of the judgment debtor, and, until there has been a legal transmutation of that title, the lien should * * * continue. There is no sale in a legal sense until the title has passed [to the purchaser at the sale after the time for redemption has expired]." 10 Or at 446. (Citation omitted.)

In *Willis v. Miller,* 23 Or 352, 31 P 827 (1893), the mortgagor, before the mortgagee foreclosed the mortgage, sold a portion of his mortgaged property to the plaintiffs. The plaintiffs redeemed their portion of the property from the foreclosure sale. The mortgagee obtained a deficiency judgment against the original mortgagor for the deficiency left after the foreclosure sale and thereafter attempted to resell the plaintiff's property to satisfy the judgment. The court held that when the judgment lien was docketed, the judgment debtor no longer held any interest in the subject property. Thus, the plaintiffs' property could not be resold on execution of the judgment lien against the original mortgagor.

The holding in *Flanders v. Aumack,* 32 Or 19, 51 P 447 (1897), is clearly reflected in the 1917 amendment. In *Flanders* the judgment debtor held title to the property when the judgment lien attached. The judgment lien was executed and the property sold. The proceeds from the sale were insufficient to satisfy the lien. After the sale the judgment debtor conveyed his remaining interest, the right of redemption, to the grantee who thereafter redeemed. The judgment creditor sought to resell the property to satisfy the remaining balance due on the lien.

The court held that because the judgment lien attached prior to the conveyance from the judgment debtor to the grantee, redemption by the grantee had the same effect as redemption by the judgment debtor. The grantee stands in the shoes of the judgment debtor and "[a] conveyance by the

debtor can confer no greater rights than he himself had. It cannot disencumber the property, nor give a better or superior title. The successor is not a *bona fide* purchaser for value * * *." 32 Or at 25. That being the case, the lien continues on the property redeemed by the grantee and the property may be resold to satisfy such lien.

*Kaston v. Storey,* 47 Or 150, 80 P 217 (1905), streamlined the redemption analysis stating that

> "[t]he redemption by * * * the successor in interest of the judgment debtor * * * put[s] an end to any further proceedings to enforce the decree, defeat[s] the inchoate right or title of the purchaser, and restore[s] the property to the same condition as if no sale had been attempted. (Citations omitted.) * * * [T]he parties to [the] suit now stand in precisely the same position, so far as the right of the [judgment creditors] to proceed on the judgment at law is concerned, as if there had been no proceedings to enforce the decree, and [the judgment debtor] had, subsequent to the recovery and docketing of the judgment at law, conveyed the property to the [successor in interest]." 47 Or at 153.

Although decided in 1905, this analysis is equally applicable to situations arising under the proviso of ORS 23.530(1). If the judgment debtor conveys his or her interest *"after* a judgment becomes a lien on the property," whether the conveyance occurs before or after the sale of the property on execution, the successor in interest takes title to the property subject to such liens. Consequently, if the successor in interest redeems from the sale, he or she stands in the shoes of the original judgment debtor and the estate that existed at the time the judgment was docketed is restored.

One case during this period incorrectly departs from the consistent analysis of the other cases. *Williams v. Wilson,* 42 Or 299, 70 P 1031 (1902), has received considerable attention by the parties in the present dispute and by the Court of Appeals. The issue in *Williams* was whether a judgment lien creditor, who is a party in a suit to foreclose a prior mortgage, can have the property later resold on execution of the unsatisfied judgment lien, when the property had been

redeemed by a grantee of the judgment debtor who took after the judgment liens attached.[10]

The court held that foreclosure proceedings merge all liens involved, whether general or specific, in the foreclosure decree. 42 Or at 308-09. The Court of Appeals, in its opinion on reconsideration, relied on this pre-1917 case. *See Franklin v. Spencer, supra,* 97 Or App at 207.

While the *Williams* decision is correct as it pertains to mortgage liens, it is incorrect as it pertains to judgment liens. The *Williams* court reasoned that since the decree " 'barred and forever foreclosed * * * any and all right, title, interest, claim, or demand in or upon said mortgaged property, and each and every parcel thereof,' except the statutory right of redemption," 42 Or at 301, all unsatisfied parties must seek new judgments against the debtor, the original liens being extinguished by the decree. That may be true of mortgage liens; but it is not true of judgment liens.

■   The correct analysis is that the foreclosure decree limits the creditors' rights in the property. The decree has the immediate effect of freeing the real property interest held by the purchaser at the sheriff's sale from all liens. The decree does not have the same effect on the right of redemption. That right is subject to judgment liens that have previously attached.

If the right to redeem is not exercised during the redemption period, the sheriff's conveyance to the purchaser completes the transfer of "legal title." If the transfer is arrested by redemption, the redemptioner comes into the estate as if no foreclosure suit or execution had occurred. The previously "dormant" judgment liens are thus, in a sense, "revived." This is the thrust of the 1917 amendment to ORS 23.530(1).

In the instant cases, the judgment liens in favor of the Harbers attached prior to the foreclosure suit. The Drobnic/ Linzy judgment lien attached after the suit was filed but

---

[10] The conveyance from the judgment debtor to the grantee occurred before the judgment liens were docketed. However, because the grantee failed to record the conveyance before the docketing of the judgments, and without notice to the judgment creditors, the grantee was deemed to have taken title to the property at the time the conveyance was recorded.

before the decree. The plaintiffs acquired the right of redemption, with its attendant liens, after the liens had attached. Upon redemption by the plaintiffs, ORS 23.530(1) instructs that the plaintiffs shall "acquire no greater or better right thereby to the property so redeemed than" the judgment debtor had at the time of the judgment. Therefore, the property may be resold on execution to satisfy the judgments.

The decision of the Court of Appeals and the judgments of the circuit court are reversed. Remanded to the circuit court for further proceedings consistent with this opinion.