# Ralph W. PYBURN,
### *Appellant,*

### *v.*

# George HAMMOND,
### *Respondent.*

## (817462; CA A63137)

813 P2d 1095

Terry G. Sundkvist, Portland, argued the cause and filed the brief for appellant.

James H. Marvin, Portland, argued the cause for respondent. With him on the brief were Douglas Farrell and Schouboe, Marvin & Furniss, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals an order that denied his petition to sell an undivided one-half interest in real property on execution to satisfy a judgment against defendant. ORS 19.010(2)(a); ORS 23.445. He assigns error to the court's ruling that defendant had a life estate in the property subject to a homestead exemption. ORS 23.240. We reverse.

The facts are undisputed. In 1981, plaintiff obtained a judgment against defendant for $7,516 plus interest. On December 9, 1985, defendant and his wife inherited residential real property in Clackamas County as tenants in common. Thereafter, they occupied the property. On January 10, 1986, the wife conveyed her undivided one-half interest in the property by deed to herself and her son "as joint tenants with the right of survivorship." On April 1, 1986, defendant conveyed his undivided one-half interest in the property by deed to his wife's son. Defendant's deed reserved nothing. He and his wife, however, continued to occupy the property. They made repairs on and improved the property and paid property taxes and utility bills. On August 28, 1989, plaintiff filed his petition. On November 2, 1989, the day of the hearing on plaintiff's petition, defendant and his stepson executed an addendum to defendant's deed that stated that, when defendant had conveyed the property, both he and his stepson had intended that defendant reserve a life estate.

The court concluded that defendant had a life estate that was subject to the homestead exemption. It also determined that there were no funds available for execution beyond the amount of the homestead exemption and the debts that defendant owed to other judgment creditors.

Plaintiff asserts that defendant had no life estate as against him. He argues that defendant did not reserve a life estate in the deed to his stepson. He also argues that the addendum cannot be used to create the life estate, because the existence of a homestead, if any, is determined as of the date that he filed the petition. Defendant responds that the deed and the subsequent extrinsic evidence show that defendant and his stepson intended that defendant reserve a life estate when he made his conveyance.

When defendant and his wife inherited the property as tenants in common, plaintiff's judgment became a lien against defendant's undivided one-half interest. Defendant then conveyed by deed his interest without reservation to his stepson. *See Gray v. Gray,* 205 Or 116, 125, 286 P2d 138 (1955). The stepson acquired title subject to plaintiff's lien. ORS 18.370; *Franklin v. Spencer,* 309 Or 476, 480, 789 P2d 643 (1990). An unexpressed intent of defendant and his stepson could not create a reservation of a life estate against plaintiff or affect his lien. Defendant did not reserve and, therefore, did not have a life estate. Consequently, he had no homestead exemption in a life estate. The court erred when it denied the petition.

Reversed and remanded for proceedings not inconsistent with this opinion.