Argued and submitted December 13, 1991; resubmitted In Banc May 6, reversed
August 12, reconsideration denied October 21, 1992, petition for review denied
January 26, 1993 (315 Or 311)

Marion C. COOLEY,
*Plaintiff,*

*v.*

Robert Roger FREDINBURG,
*Appellant,*

Marion C. COOLEY,
as assignee of U.S. National Bank of Oregon;
First Interstate Bank of Oregon, N.A.;
L. Ken Casteel; John C. Preston;
Patricia J. Preston; Timotheas John Horn;
Normalee D. Horn; Tischhauser, Cooper & CO.
and Frieda A. Kuttig,
*Defendants,*

*and*

FEDERAL DEPOSIT
INSURANCE CORPORATION
and Hogue Investment Corporation,
*Respondents.*

(88-0971-J-1; CA A68733)

836 P2d 162

Douglas J. Richmond, Medford, argued the cause and filed the briefs for appellant.

David V. Gilstrap, Ashland, argued the cause for respondent Hogue Investment Corporation. With him on the brief was Ainsworth, Davis, Gilstrap, Harris, Balocca & Fitch, P.C., Ashland.

Frank C. Higham, San Jose, California, waived appearance for respondent Federal Deposit Insurance Corporation.

BUTTLER, J.

Edmonds, J., dissenting.

**BUTTLER, J.**

Fredinburg (defendant) appeals an order that determined that Federal Deposit Insurance Corporation (FDIC) had the right to redeem his real property after he had redeemed it from the purchaser at a sheriff's sale. We reverse.

FDIC was joined in a mortgage foreclosure commenced by plaintiff against defendant, the debtor, and numerous other mortgage or deed of trust lien claimants. A stipulated[1] judgment was entered in the foreclosure awarding plaintiff judgments against defendant for various amounts on various claims, including a trust deed and a subsequent mortgage. With respect to the trust deed and mortgage, the judgment declares that the trust deed is a "first, valid, prior and subsisting lien" against the described real property, and that the mortgage "is a valid and subsisting lien * * * [against the described property] and that lien is superior to any interest, lien or claim [other than the trust deed]." The judgment then provides for the sale of the property and for disposition of the proceeds.

FDIC did not assert its lien claim in the foreclosure proceeding and did not obtain a judgment against defendant for the amount of the outstanding debt. The judgment provides that FDIC is forever foreclosed of all interest, lien or claim in the described real property, "excepting only its 365-day statutory right of redemption pursuant to 28 U.S.C., Section 2410(c)."

The property was sold to a third party at a sheriff's sale on June 14, 1990. Defendant then redeemed. On February 6, 1991, FDIC gave notice of its intent to redeem the property under 28 USC § 2410(c). After defendant objected, the sheriff declined to act, whereupon FDIC moved for an order "Establishing FDIC Right to Redemption," which the court granted. Defendant appeals from that order.

■        Hogue Investment Corporation (Hogue), as successor to FDIC, makes several arguments on appeal challenging appellate jurisdiction, only one of which requires

---

[1] The stipulation was between plaintiff and FDIC only. Default orders had been entered against all defendants except FDIC and Cooley, as assignee of U.S. National Bank of Oregon.

discussion. It argues that the trial court's order determining that FDIC had the right to redeem from defendant is not a final order, because the sheriff was not a party and the order did not direct the sheriff to permit FDIC to redeem. Therefore, it argues, it is not an order affecting a substantial right, ORS 19.010(2)(c), and is not appealable. However, FDIC invoked the jurisdiction of the court for an order in aid of execution to determine that it had the right to redeem from defendant, notwithstanding that defendant is the debtor and claimed that no right of redemption existed after he had redeemed. ORS 23.600. The sheriff appeared by county counsel. It is clear that the sheriff would not have permitted FDIC to redeem in the absence of the court's ruling. Therefore, the order affected a substantial right of both parties and is appealable under ORS 19.010(2)(c).

■     On the merits, defendant argued below, and argues here, that when he, as the debtor, redeemed the property, the effect of the foreclosure sale was terminated; therefore, there was no sale that would give rise to a right of redemption under Oregon law. He is correct. ORS 23.600 provides in part:

"If the judgment debtor redeems at any time before the time for redemption expires, the effect of the sale shall terminate and the judgment debtor shall be restored to the estate of the judgment debtor."

If that is all that there were to the case, FDIC[2] would prevail, because federal law would preempt Oregon law to the extent that it does not provide a procedure for FDIC to protect its interest. 28 USC § 2410(c) provides, in part:

"A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. * * * *Where a sale of real estate is made to satisfy a lien prior to that of the United*

_____

[2] ORS 19.010(2) provides, in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

*States,[3] the United States shall have one year from the date of the sale within which to redeem * * *.* In any case where the debt owing the United States is due, *the United States may ask, by way of affirmative relief, for the foreclosure of its own lien and where property is sold to satisfy a first lien held by the United States, the United States may bid at the sale * * *.*" (Emphasis supplied.)

However, defendant argues that FDIC simply neglected to protect its rights when it failed to assert its lien and obtain a judgment in the foreclosure proceeding. He points out that, if it had obtained a judgment in the foreclosure, instead of permitting its interest in the property to be foreclosed, it would have had a judgment lien that would have been revived when he, the debtor, redeemed the property. It could then have executed on that judgment without having to pay the price of redemption. He is also correct in that argument. *Franklin v. Spencer*, 309 Or 476, 488, 789 P2d 643 (1990). Not only would FDIC not have been required to put up any money, it would have had a lien that would remain for 10 years and would be renewable. ORS 18.360.

It is also true that, under Oregon law, the failure of FDIC to assert and establish its lien and to obtain a judgment for the amount thereof, precludes it from redeeming the property from *anyone*, because it no longer has a "lien by judgment, decree or mortgage" on the property. ORS 23.530(2).[4] It did not assert its lien claim in the foreclosure proceeding and did not obtain a judgment on its claim, and, by the judgment, it was "forever foreclosed of all interest, lien or claim in the real property." If FDIC had obtained a judgment in the foreclosure proceeding, it would have taken the steps necessary to permit it to exercise its right to redeem from anyone other than the debtor within 1 year from the date of

---

[3] Defendant does not contend that FDIC is not the United States within the meaning of § 2410.

[4] ORS 23.530(2) provides:

"Property sold subject to redemption, as provided in ORS 23.520, or any part thereof separately sold, may be redeemed by the following persons:
"* * * * *

"(2) A creditor having a lien by judgment, decree or mortgage on any portion of the property, or any portion of any part thereof separately sold, subsequent in time to that on which the property was sold. Such creditors, after having redeemed the property, are to be termed redemptioners."

sale. 28 USC § 2410(c). However, as defendant points out, if FDIC had done that, it would also have been in the more advantageous position of being able to execute on its judgment when he redeemed.

The problem here is that FDIC did nothing, even though under Oregon law it could have taken the steps necessary to permit it to exercise its right to redeem or to collect on its judgment lien. Although 28 USC § 2410(c) requires Oregon to permit redemption by the government within 1 year from the date of sale, nothing entitles the government, or anybody else, to redeem when it has failed to follow the state procedures that would have permitted it to protect itself. That federal statute specifically provides:

> "In any case where the debt owing the United States is due, the United States may ask, by way of affirmative relief, for the foreclosure of its own lien and where property is sold to satisfy a first lien held by the United States, the United States may bid at the sale * * *."

It is apparent that Congress recognized that it would or might be necessary for the government to foreclose its lien in order to be in a position to redeem or to otherwise protect its interest.

In *U.S. v. John Hancock Mut. Ins. Co.*, 364 US 301, 81 S Ct 1, 5 L Ed 2d 1 (1960), on which Hogue and the dissent rely, the court expressly pointed out that the government had "satisfied the procedural requirements" (364 US at 304) of the state's laws: It had sought and obtained affirmative relief on its lien claim, obtained a judgment against the debtor in the foreclosure and had followed the proper procedure to redeem. The problem was that, under Kansas law, the debtor had the sole right to redeem within the first 12 months after the sale, and that was the 12 months during which the federal statute gave the federal government the right to redeem. The state law effectively took away the government's right to redeem, and there is nothing in the opinion suggesting that, under Kansas law, the government had any other recourse to collect its judgment by the sale of the debtor's property. The court held that the federal statute controlled and that the state must permit the government to redeem within 12 months after the foreclosure sale.

In reaching that conclusion, the court pointed out that Congress was concerned about a situation in which the United States, as a junior lienor, would find its lien dissolved without having had a chance to protect its right to any amount that the foreclosed property might be worth in excess of the senior lien. 364 US at 305. It recognized that one method of protecting that right would be to permit the government to bid at the sale. However, it also recognized that, in order to bid, it was necessary to obtain an appropriation from Congress, which might take more time than was available before the sale. Therefore, Congress provided that, not only may the government bid at the sale, it would also have 1 year within which to redeem in order to give it time to secure an appropriation and protect its interest. 364 US at 306.

Here, if FDIC had satisfied the requirement of Oregon law, its judgment lien would have been revived when defendant redeemed; it would not have been required to obtain an appropriation and it would have had more than 1 year within which to execute on its judgment. Thus, Oregon law more than satisfies the concerns of Congress in enacting § 2410(c).

Futhermore, in *John Hancock*, the government was owed several amounts represented by separate notes. It claimed in the foreclosure that the mortgage should secure all of them. The Kansas court held that only one of them was secured under Kansas law. The United States Supreme Court, after holding that the government had the right to redeem, recognized that, if the mortgagors wished to redeem in turn from the United States, "[t]he question whether the United States is entitled to payment of its claims in full upon redemption by the mortgagors or only to such debts as have been declared liens by the state courts is one to be decided according to Kansas law." 364 US at 309. It is clear that § 2410 does not preempt all of a state's laws.

FDIC failed to take the steps that the federal statute recognizes that it would, or might, be required to take in order to protect itself. It has no right to complain.

Reversed.

**EDMONDS J.,** dissenting.

The majority holds that the provisions of 28 USC § 2410(c) do not preempt the requirement in ORS 23.530(2)

that FDIC must have asserted its lien and obtained a judgment in the foreclosure proceeding in order to effect a redemption as a creditor. The question of federal preemption is one of Congressional intent. *Best v. U.S. Nat. Bank*, 303 Or 557, 739 P2d 554 (1987). Federal preemption applies when federal law expressly precludes state action or, if the federal law on its face is unclear or silent, when the state law directly conflicts with the federal law, interferes with the operation or impairs attainment of federal goals or when Congress has "occupied the field." *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 540-41, 577 P2d 477, *cert den* 439 US 1051 (1978).

28 USC § 2410(c) provides, in part, that "[w]here a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of the sale within which to redeem." The next sentence in the statute provides that the "United States may ask, by way of affirmative relief, for the foreclosure of its own lien * * *." Thus, the statute contemplates two separate rights of federal agencies that cannot be preempted by state law: the right to appear as a party, foreclose its lien in a state proceeding and purchase the property at the sale, *and* the right to redeem, even if it has not foreclosed its lien. That construction is supported by the legislative history that the one year redemption right was enacted in addition to an existing provision providing that the United States could be a party to a foreclosure proceeding in state court. Initially, the bill proposed that the government be authorized only to bid at the foreclosure sale when the property was sold to satisfy a senior lien. Congress was concerned that there would not be appropriated funds available for the agency to make the purchase. Underlying that concern was the need to protect the value of the government's security that would otherwise be lost through the foreclosure of a senior lien. Those provisions were rejected in part and replaced when Congress adopted the provisions of section 2410(c) that provide for an absolute right of redemption for a twelve-month period. *See* 72 Cong Rec 1998-1999 (1930); 72 Cong Rec 3117-3120 (1930); 72 Cong Rec 7020 (1930); S Conf Rep, 71st Cong, 3d Sess (1930); 74 Cong Rec 5466-5467 (1930); 74 Cong Rec 5865-5866 (1930).

Congressional intent is illustrated by *United States v. John Hancock Mut. L. Ins. Co.*, 364 US 301, 81 S Ct 1, 5 L

Ed 2d 1 (1960). There, the state law took away the government's right to redeem by giving the debtor the exclusive right to redeem within twelve months after the sale and thereby cut off all redemption rights of lien creditors. The purchaser of the property at the foreclosure sale argued that the Farmers Home Administration could have protected its lien by out-bidding the purchaser at the sale pursuant to its authority under another federal statute. To accept that argument would have required the Court to read into section 2410(c) a limitation of the preemptive right of redemption that would authorize "redemption 'except where another federal statute authorizes the particular agency concerned to bid at foreclosures sales.' " 364 US at 307. The Court rejected the argument.

The purchaser also argued that the United States, by seeking affirmative relief in a state court, had subjected itself "to all the incidents of state law which govern other suitors." 364 US at 308. In response, the Court noted that the United States is not subject to local statutes of limitations and that the proceedings were not initiated by the United States. The purchaser contended that, because the first sentence of section 2410(c) provided at that time that "[a] judicial sale in such action or suit shall have the same effect respecting the discharge of the property from liens * * * held by the United States as may be provided * * * by the local law of the place where the property is situated," the right to redeem was qualified by state law. Again, the Court rejected that interpretation, noting that it would render the right of redemption in section 2410(c) "nugatory." 364 US at 308.

In summary, the right of redemption in section 2410(c) is a right that cannot be impaired by state law, because Congress intended that the federal government not lose the value of the security for a debt owed to it through a state court foreclosure proceeding. The majority qualifies FDIC's right of redemption under ORS 23.530(2). It makes the right dependent on whether FDIC reduced its lien to judgment in the foreclosure proceeding. It reads a requirement into the statute that is not there: *i.e.*, that, in order to enforce a right of redemption, the redemptioner must have foreclosed its lien. That construction is inconsistent with the law of federal preemption, because it impairs attainment of

the goal of Congress when it enacted section 2410(c). The majority errs when it fails to carry out Congress' intent.

I dissent.